UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

KERI SPRING; EUGENE SPRING;
JULIANNE SPRING;  EUGENE SPRING and                         **COMPLAINT**
KERI SPRING on behalf of Gregory Spring; and
KERI SPRING, as the duly appointed administrator            Jury Trial Demanded
of THE ESTATE OF GREGORY SPRING,

      Plaintiffs,

   -against-

ALLEGANY-LIMESTONE CENTRAL SCHOOL
DISTRICT; THE BOARD OF EDUCATION OF
THE ALLEGANY-LIMESTONE CENTRAL
SCHOOL DISTRICT; KAREN GEELAN,
Superintendent; JOE ZIMMER, President; PHIL
QUINLAN, Vice President; MATTHEW KAHM,
Member; JEFF BLACK, Member; DAVID FARRELL,
Member; JAY KING, Member; KIM PALMER, Member;
SUE SCHIFLEY, Member; MAGGIE NUSS, Member;
KEVIN STRAUB, Principal; DIANE LOWRY, Teacher
Assistant; ERIC HEMPHILL, Teacher/Coach;
CHRISTOPHER KENYON,Teacher/Coach; JOHN
WOLFGANG, Psychologist; ROBERT DECKER,
Psychologist; ALL IN THEIR INDIVIDUAL AND
OFFICIAL CAPACITY; JOHN DOE(S) and JANE DOE(S),
officials, administrators, representatives, agents, employees,
and servants of the Allegany-Limestone Central School
District; MICHAEL EASTON; JACOB ROWE; and JOHN
DOE(S) and JANE DOE(S), students of the
Allegany-Limestone High School,

      Defendants.

_____

   Plaintiffs EUGENE SPRING;  KERI SPRING;  JULIANNE SPRING;  EUGENE SPRING

and KERI SPRING on behalf of Gregory Spring; and KERI SPRING, as the duly appointed

administrator of THE ESTATE OF GREGORY SPRING, as and for a Complaint against

-1-

Defendants, ALLEGANY-LIMESTONE CENTRAL SCHOOL DISTRICT; THE BOARD OF

EDUCATION OF THE ALLEGANY-LIMESTONE CENTRAL SCHOOL DISTRICT; KAREN

GEELAN, in her individual and official capacity as Superintendent of the Allegany-Limestone

Central School District; JOE ZIMMER, in his individual and official capacity as President of the

Board of Education of the Allegany-Limestone Central School District; PHIL QUINLAN, in his

individual and official capacity as Vice President of the Board of Education of the Allegany-

Limestone Central School District; MATTHEW KAHM, in his individual and official capacity as

a Member of the Board of Education of the Allegany-Limestone Central School District; JEFF

BLACK, in his individual and official capacity as a Member of the Board of Education of the

Allegany-Limestone Central School District; DAVID FARRELL, in his individual and official

capacity as a Member of the Board of Education of the Allegany-Limestone Central School District;

JAY KING, in his individual and official capacity as a Member of the Board of Education of the

Allegany-Limestone Central School District; KIM PALMER, in her individual and official capacity

as a Member of the Board of Education of the Allegany-Limestone Central School District; SUE

SCHIFLEY, in her individual and official capacity as a Member of the Board of Education of the

Allegany-Limestone Central School District; MAGGIE NUSS, in her individual and official capacity

as a Member of the Board of Education of the Allegany-Limestone Central School District; KEVIN

STRAUB, in his individual and official capacity as Principal of the Allegany-Limestone High

School; DIANE LOWRY, in her individual and official capacity as a Teacher Assistant at the

Allegany-Limestone High School; ERIC HEMPHILL, in his individual and official capacity as a

Teacher/Coach at the Allegany-Limestone High School; CHRISTOPHER KENYON, in his

individual and official capacity as a Teacher/Coach at the Allegany-Limestone High School; JOHN

WOLFGANG, in his individual and official capacity as a School Psychologist at the Allegany-Limestone Central School District; ROBERT DECKER, in his individual and official capacity as a School Psychologist at the Allegany-Limestone Central School District; JOHN DOE(S) and JANE DOE(S), officials, administrators, representatives, agents, employees, and servants of the Allegany-Limestone Central School District; MICHAEL EASTON;  and JOHN DOE(S) and JANE DOE(S), students of the Allegany-Limestone High School, allege as follows:

## PRELIMINARY STATEMENT

1.     This is a Complaint under the Constitutions of the United States and State of New York; 42 U.S.C. § 1983; the Americans with Disabilities Act, 42 U.S.C. §§ 12101, *et seq*. ("ADA"); the Rehabilitation Act of 1973, 29 U.S.C. § 701 ("Rehabilitation Act"); N.Y. Civil Rights Law § 79-n; N.Y. Estate Powers & Trusts Law § 5-4.1; and New York State common law.

## JURISDICTION

2.     This Court may properly exercise jurisdiction over this action pursuant to the provisions of 28 U.S.C. §§ 1331 and 1367.

## VENUE

3.     Venue is proper in the Western District of New York pursuant to the provisions of 28 U.S.C. § 1391.

## PARTIES

4.     Plaintiff Eugene Spring is a natural person and resident of the State of New York, County of Cattaraugus.  He is the father of Gregory Spring.

5.     Plaintiff Keri Spring is a natural person and resident of the State of New York, County of Cattaraugus.  She is the mother of Gregory Spring.

6.      Plaintiff Keri Spring was appointed administrator of The Estate of Gregory Spring by the Surrogate's Court of the State of New York in and for the County of Cattaraugus on December 16, 2013.

7.      Plaintiff Julianne Spring is a natural person and resident of the State of New York, County of Cattaraugus.  She is the sister of Gregory Spring.

8.      At all times relevant hereto, Plaintiff Gregory Spring was a natural person and resident of the State of New York, County of Cattaraugus.

9.      Defendant Allegany-Limestone Central School District ("School District"), a recipient of federal financial assistance, is a municipal corporation duly organized and existing under the laws of the State of New York and maintains a principal place of business in the County of Cattaraugus, State of New York.

10.      The Board of Education of the Allegany-Limestone Central School District, Defendant herein, is the duly elected Board of Education of the Allegany-Limestone Central School District.

11.      At all times relevant hereto, Defendant Karen Geelan was the Superintendent of the Allegany-Limestone Central School District.  She is sued in her individual and official capacity.

12.      At all times relevant hereto, Defendant Joe Zimmer was the President of the Board of Education of the Allegany-Limestone Central School District.  He is sued in his individual and official capacity.

13.      At all times relevant hereto, Defendant Phil Quinlan was the Vice President of the Board of Education of the Allegany-Limestone Central School District.  He is sued in his individual and official capacity.

14.     At all times relevant hereto, Defendant Matthew Kahm was a Member of the Board of Education of the Allegany-Limestone Central School District.  He is sued in his individual and official capacity as a Board Member.

15.     At all times relevant hereto, Defendant Jeff Black was a Member of the Board of Education of the Allegany-Limestone Central School District.  He is sued in his individual and official capacity as a Board Member.

16.     At all times relevant hereto, Defendant David Farrell was a Member of the Board of Education of the Allegany- Limestone Central School District.  He is sued in his individual and official capacity as a Board Member.

17.     At all times relevant hereto, Defendant Jay King was a Member of the Board of Education of the Allegany-Limestone Central School District.  He is sued in his individual and official capacity as a Board Member.

18.     At all times relevant hereto, Defendant Kim Palmer was a Member of the Board of Education of the Allegany -Limestone Central School District.  She is sued in her individual and official capacity as a Board Member.

19.     At all times relevant hereto, Defendant Sue Schifley was a Member of the Board of Education of the Allegany-Limestone Central School District.  She is sued in her individual and official capacity as a Board Member.

20.     At all times relevant hereto, Defendant Maggie Nuss was a Member of the Board of Education of the Allegany- Limestone Central School District.  She is sued in her individual and official capacity as a Board Member.

21.     At all times relevant hereto, Defendant Kevin Straub was the Principal of the

Allegany-Limestone High School.  He is sued in his individual and official capacity.

22.     At all times relevant hereto, Defendant Diane Lowry was a Teacher's Assistant at the Allegany-Limestone High School.  She is sued in her individual and official capacity.

23.     At all times relevant hereto, Defendant Eric Hemphill was a Teacher and Coach at the Allegany-Limestone High School.  He is sued in his individual and official capacity.

24.     At all times relevant hereto, Defendant Christopher Kenyon was a Teacher and Coach at the Allegany-Limestone High School.  He is sued in his individual and official capacity.

25.     At all times relevant hereto, Defendant John Wolfgang was a School Psychologist at the Allegany-Limestone Central School District.  He is sued in his individual and official capacity.

26.     At all times relevant hereto, Defendant Robert Decker was a School Psychologist at the Allegany-Limestone Central School District.  He is sued in his individual and official capacity.

27.     At all times relevant hereto, Defendant Michael Easton is a natural person, student at the Allegany-Limestone Central School District, and upon information and belief, resident of the County of Cattaraugus.

28.     At all times relevant hereto, Defendant Jacob Rowe is a natural person, student of the Allegany-Limestone Central School District, and upon information and belief, resident of the County of Cattaraugus.

29.     Defendants John and Jane Doe(s) are individuals whose identities are unknown at this time. Once their identities are ascertained, the names of those individuals will be substituted in place of the John Doe(s) and/or Jane Doe(s) designations.

## CONDITIONS PRECEDENT

30.     On or about September 12, 2013, a Notice of Claim was duly served on Defendants.

At least 30 days has elapsed since the service of said Notice of Claim and payment thereon has been neglected.

31.     On or about February 10, 2014, following the appointment of Plaintiff Keri Spring as the administrator of The Estate of Gregory Spring, a second Notice of Claim was duly served on Defendants.  At least 30 days has elapsed since the service of said Notice of Claim and payment thereon has been refused.

## FACTS

32.     Gregory Spring, a Special Education student suffering from disabilities was subjected to cruel and inhuman treatment and bullying while enrolled at the Allegany-Limestone Central School District.

33.     At the time of his death, Gregory was attending the Allegany-Limestone High School.

34.     While attending the Allegany-Limestone High School, Gregory Spring was subjected to continuing, recurring and unremedied harassment and discrimination by students, teachers, coaches, and school administrators because of his disabilities.

35.     Among other things, Gregory Spring was subjected to numerous acts of fear and intimidation including, but not limited to, teasing, taunting, bullying, name calling, violence, offensive touching, hitting, interference with relationships, and public and private humiliation - conduct motivated in whole or part by his disabilities.  Such conduct occurred on a regular basis yet was both dismissed and ignored by the school's staff.  Gregory Spring was subjected to physical injuries and mental, emotional and psychological harm as a direct result.  Gregory Spring was denied protection and a safe learning environment by the school as well as the District.  Instead, he was punished for seeking assistance and relief from the bullying.  Keri Spring continuously and on

occasions too numerous to mention sought the assistance of school officials, in particular Defendant High School Principal Straub to address the bullying of her son.  Despite her pleas, no corrective or protective action whatsoever was taken.

36.     One such instance of bullying occurred in the locker room at the Allegany-Limestone High School on or about November 8, 2012.  In response to unrelenting harassment and bullying by Defendant Michael Easton, Gregory Spring physically responded to Easton.  Upon information and belief, Gregory Spring's conduct was a manifestation of his disability.  Gregory Spring was immediately suspended and punished by Defendant Straub for this incident. No manifestation hearing was provided or waived by Plaintiffs. even though multiple students came forward to support Gregory's claim that said student engaged in acts of bullying toward him. Upon information and belief, Defendant Straub failed to discipline said student.

37.     Aside from said occurrence involving Defendant Easton, there were multiple other instances in which Defendant Straub was made aware of the bullying that occurred towards Gregory Spring, and each time failed to address and/or resolve the issue.  Upon information and belief Defendant Straub failed to discipline students who subjected Gregory Spring to harassing, bullying, taunting and offensive touching and perpetuated a culture tolerant to such conduct.

38.     Additionally, Defendant Straub was made aware of numerous instances in which a student threatened Gregory Spring's life, and failed to act appropriately to prevent any further abuse from occurring. When Defendant Straub was made aware of said threats he simply insisted to Gregory that he was just trying to get other children in trouble.

39.     Defendants Wolfgang, Geelan, Straub, Kenyon, Schifley and King were made aware of numerous instances of bullying towards Gregory by fellow students and Plaintiff Keri Spring. Said

Defendants failed to act reasonably or appropriately to correct or prevent the unlawful conduct from continuing to occur.

40.     Additionally, Plaintiff Keri Spring repeatedly attempted to address the issues of harassment and bullying with Defendant Geelan, Defendant Straub, and Defendant Kenyon.

41.     Upon information and belief, Defendants' lack of action in response to the complaints and requests for action was the product of discriminatory animus of School officials because of Gregory Spring's disabilities inasmuch as the School District showed through word and deed a disdain for having to recognize him as a disabled child and/or provide services and reasonable accommodations to him.

42.     Additionally, Gregory Spring was subjected to disparate treatment and discrimination by School officials themselves because of his disability. *Inter alia*, Gregory Spring was punished for responding to acts of bullying while the offenders of said bullying were either not punished at all or not as severely.  Gregory Spring was removed from the school's baseball team in April, 2012 by Defendants Eric Hemphill and Christopher Kenyon because of his disabilities as demonstrated by the fact that the conduct for which removal was purportedly based did not result in the removal of similarly situated non-disabled students.

43.     Specifically, on or about April, 2012, Gregory Spring, along with numerous other students, participated in horseplay during Junior Varsity baseball practice.

44.     Upon information and belief, Defendant Christopher Kenyon, who was the baseball coach at that time, disciplined Gregory Spring and not the other students involved. This discipline upset Gregory so much that he used a swear word referencing the team as a whole. Defendant Kenyon later sent Gregory home early from practice and notified his mother, Plaintiff Keri Spring,

that Gregory was removed from the team.

45.     On or about the 2012-2013 school year, a student at Allegany-Limestone Central School District informed Plaintiff Keri Spring that while in the office of Defendant Robert Decker, he came across and reviewed a confidential folder that contained all of Gregory Spring's education files.

46.     Upon information and belief, Defendant Decker negligently and/or recklessly allowed students access to personal and confidential files and failed to protect the well being of Gregory Spring by not keeping his personal files secured and out of view of fellow students.

47.     In addition to the unauthorized disclosure of Gregory Spring's education records, Defendants engaged in unauthorized testing of him, modified his education plan with neither the knowledge nor consent of his parents; and repeatedly failed to provide IEP mandated special education services for which he was entitled under the law.  Additionally, School officials unlawfully failed to provide or conduct any manifestation hearing prior to disciplining Gregory Spring.

48.     Due to Defendants' acts and omissions, including negligence, gross negligence, recklessness and/or deliberate indifference to disabilities, bullying, and discriminatory conduct against Gregory Spring, they caused him severe emotional distress, humiliation, embarrassment, and self-loathing causing and contributing to his suicide on June 17, 2013.

49.     The Defendants knew or should have known that Defendant Easton subjected the Plaintiff Gregory Spring to bullying, harassment, and threats of harm. Defendants defended Easton and failed or refused to intervene or supervise Defendant Easton or protect Plaintiff Gregory Spring from harm as expected of a reasonable educational custodian. Further, Defendants failed to provide services to Plaintiff for disability even in the face of a lawful obligation to do so.

50.     Plaintiff Gregory Spring's suicide was preceded close in time by escalating harassment by Defendant Easton who, with the aid, encouragement, sanction, and facilitation of the School District Defendants, on or about November, 2012 initiated criminal prosecution against Gregory Spring. While Plaintiffs continued to complain to School District officials regarding Defendant Easton and his behavior toward Gregory Spring, no action was taken against him.

51.     On or around June 19, 2013, Defendant Lowry authored and spoke statements and posted comments via internet and on-line pertaining to Gregory Spring and his death, falsely accusing him of misconduct and otherwise disparaging him and inflicting severe emotional distress upon the Plaintiffs herein.

52.     Upon information and belief, Defendant Lowry breached her duty to protect the rights of students and also violated Gregory Spring's constitutional and educational rights of confidentiality concerning his education and records therefrom.

53.     At all times relevant hereto, the School District Defendants maintained a custom policy and/or practice of ignoring complaints of bullying and retaliating against those students and parents who seek remedy from Defendants or complain of bullying.

54.     Additionally, the School District Defendants were negligent in failing to provide proper oversight of said school and/or adopt and/or implement and/or enforce appropriate policy to safeguard against disparate treatment and victimization of Plaintiff Gregory Spring.  These Defendants were negligent in that it knew or should have known of the absence of and the need for services at said school and by its students and failed to take corrective action.

55.     Upon information and belief, other disabled and similarly situated students have received the same or similar treatment when reporting incidents of bullying and harassment.

56.     Among other things, the School District was negligent, grossly negligent, reckless and/or deliberately indifferent in the following ways:

-       failing to take appropriate action and/or to enforce or adopt policies to protect rights of Plaintiffs and/or other victims, and to ensure Plaintiff Gregory Spring's safety by taking corrective or protective action through policies on bullying and harassment of one student by others;

-       condoning and tacitly approving the harassment and bullying by subjecting Gregory Spring to disparate treatment;

-       failing to properly train, supervise, and discipline its employees;

-       promulgating a policy or custom which provides for and/or tolerates the commission of unconstitutional and tortious acts by its students and/or employees;

-       failing to appropriately discipline students and or employees who commit unlawful and/or negligent acts done under color of law and within the scope of their authority as public employees, principal, superintendent, members of school Board;

-       failing to establish and act upon adequate policies, procedures and systems for reporting and investigating and correcting incidents of bullying and harassment so as to protect student victims of these acts by other students; and

-       failing to take any and all appropriate steps to protect Gregory Spring, after having learned of the need to do so, with knowledge that specific other named students posed a clear and present danger, continued to commit acts of cruelty and violence toward Gregory Spring.

57.     Furthermore, the Respondents, respective servants, and/or employees were negligent

in allowing individuals to circumvent or thwart the appropriate and customary protocol, policies and rules to protect Gregory Spring from such actions.

58.    Upon information and belief, the Allegany-Limestone Central School District, Superintendent, Allegany-Limestone High School and its employees knew or should have known that students and or employees were or may be violating the Education Laws of the State of New York and knew or reasonably should have known, among other things:

- that Gregory Spring was a disabled student experiencing extreme emotional and mental anguish caused by the treatment of students and/or staff which went unaddressed by the school district;

- that other students were not held accountable for harassing conduct and bullying that was perpetrated upon Gregory Spring;

- that students throughout the entire period of Gregory Spring's attendance at the Allegany-Limestone School District committed acts of harassment, bullying, discrimination, taunting, and assault against Gregory Spring;

- that Gregory Spring was frequently disciplined for the actions of the students that were harassing, bullying, taunting and offensively touching him;

- that frequently no action and/or minimal action was taken by the school and/or district to stop student(s) from harassing, assaulting, bullying and taunting Gregory Spring;

- that Gregory Spring was subjected to discriminatory, negligent, and retaliatory treatment by School officials because of his disability and/or complaints about being bullied.

59.     The nature and full extent of said injuries are ongoing and include such things as:

(a)     financial loss;

(b)     wrongful death;

(c)     pain and suffering;

(d)     physical harm in the form of headaches, tension, stomach aches, sleeplessness, and nervousness;

(e)     emotional distress, mental anxiety, depression, and psychological trauma;

(f)     deprivation of companionship and loss of consortium;

(g)     loss of parental and sibling guidance and support and consortium;

(h)     humiliation, indignity, and shame;

(i)     loss of enjoyment of life;

(j)     harm and injury to family and community relations;

(k)     legal fees and expenses;

(l)     deprivation of human, civil, and constitutional rights in violation of the laws and constitutions of the United States and the State of New York; and

(m)     Plaintiffs have been otherwise damaged.

Damages stated above are only those known at this time, future economic, emotional and physical and other non-pecuniary damages are unknown.

### AS AND FOR A FIRST CAUSE OF ACTION
### UNDER THE FOURTEENTH AMENDMENT TO THE
### UNITED STATES CONSTITUTION VIA 42 U.S.C. § 1983

60.     Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1 through 59 as if fully set forth herein.

-14-

61.     At all times relevant hereto, Gregory Spring and Defendants had a special relationship whereby Defendants had a constitutional duty to protect Gregory Spring.

62.     Defendants were deliberately and/or recklessly indifferent to the continuous bullying, harassment and discrimination against Gregory Spring thereby breaching their constitutional duty.

63.     As a direct and proximate cause of Defendants' aforementioned unconstitutional acts and omissions, Plaintiffs have been injured and harmed and are entitled to compensation therefor.

**AS AND FOR A SECOND CAUSE OF ACTION**
**UNDER THE FOURTEENTH AMENDMENT TO THE**
**UNITED STATES CONSTITUTION VIA 42 U.S.C. § 1983**

64.     Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1 through 63 as if fully set forth herein.

65.     At all times relevant hereto, Gregory Spring was a member of a class of persons suffering from disabilities.

66.     Gregory Spring was treated disparately in comparison to students outside the class of persons suffering from disabilities and said disparate treatment was, upon information and belief, intentional and based on his disabilities.

67.     *Inter alia*, Defendants failed to take action to protect Gregory Spring from bullying, harassment and discrimination because of his disabilities as well as themselves engaging in discrimination because of his disabilities.

68.     As a direct and proximate cause of Defendants' aforementioned unconstitutional acts and omissions, Plaintiffs have been injured and harmed and are entitled to compensation therefor.

**AS AND FOR A THIRD CAUSE OF ACTION**
**UNDER THE FIRST AMENDMENT TO THE**
**UNITED STATES CONSTITUTION VIA 42 U.S.C. § 1983**

69.      Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1 through 68 as if fully set forth herein.

70.      Gregory Spring and his mother, Keri Spring engaged in First Amendment protected activity in opposing bullying, harassment and discrimination.

71.      Defendants retaliated against Plaintiffs for said protected activity in singling out Gregory Spring and treated him disparately, causing Gregory Spring emotional upset, distress, anxiety, humiliation and embarrassment ultimately leading him to take his own life.

72.      As a direct and proximate cause of Defendants' aforementioned unconstitutional acts and omissions, Plaintiffs have been injured and harmed and are entitled to compensation therefor.

**AS AND FOR A FOURTH CAUSE OF ACTION
UNDER THE NEW YORK CONSTITUTION**

73.      Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1 through 72 as if fully set forth herein.

74.      At all times relevant hereto, Gregory Spring and Defendants had a special relationship whereby Defendants had a constitutional duty to protect Gregory Spring.

75.      Defendants were deliberately and/or recklessly indifferent to the continuous bullying, harassment and discrimination against Gregory Spring thereby breaching their constitutional duty under Article I, Section 6 of the New York Constitution.

76.      As a direct and proximate cause of Defendants' aforementioned unconstitutional acts and omissions, Plaintiffs have been injured and harmed and are entitled to compensation therefor.

**AS AND FOR A FIFTH CAUSE OF ACTION
UNDER THE NEW YORK CONSTITUTION**

77.      Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1

through 76 as if fully set forth herein.

78.    At all times relevant hereto, Gregory Spring was a member of a class of persons suffering from disabilities.

79.    Gregory Spring was treated disparately in comparison to students outside the class of persons suffering from disabilities and said disparate treatment was, upon information and belief, intentional and based on his disabilities.

80.    *Inter alia*, Defendants failed to take action to protect Gregory Spring from bullying, harassment and discrimination because of his disabilities as well as themselves engaging in discrimination because of his disabilities.

81.    As a direct and proximate cause of Defendants' aforementioned unconstitutional acts and omissions, in violation of Article I, Section 11 of the New York Constitution, Plaintiffs have been injured and harmed and are entitled to compensation therefor.

**AS AND FOR A SIXTH CAUSE OF ACTION
UNDER THE ADA**

82.    Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1 through 81 as if fully set forth herein.

83.    At all times relevant hereto, Gregory Spring was an individual with a disability under the ADA.

84.    At all times relevant hereto, Defendant Allegany-Limestone Central School District was a public entity covered under Title II of the ADA.

85.    Defendant Allegany-Limestone Central School District violated Title II of the ADA in that Gregory Spring was subjected to discrimination based on his disabilities while enrolled and attending school at said School District and/or suffered from policies, practices, and/or procedures

which had discriminatory effect.

86.     *Inter alia*, Defendants failed to take action to protect Gregory Spring from bullying, harassment and discrimination because of his disabilities as well as themselves engaging in discrimination because of his disabilities.  Defendants also retaliated against Gregory Spring for opposing said bullying, harassment and discrimination.

87.     As a direct and proximate cause of Defendants' aforementioned unlawful acts and omissions, Plaintiffs have been injured and harmed and are entitled to compensation therefor.

## AS AND FOR A SEVENTH CAUSE OF ACTION
## UNDER THE REHABILITATION ACT

88.     Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1 through 87 as if fully set forth herein.

89.     At all times relevant hereto, Gregory Spring was an individual with a disability under the Rehabilitation Act.

90.     At all times relevant hereto, Defendant Allegany-Limestone Central School District was a public entity receiving federal financial assistance and thus covered under the Rehabilitation Act.

91.     Defendant Allegany-Limestone Central School District violated the Rehabilitation Act in that Gregory Spring was subjected to discrimination based on his disabilities while enrolled and attending school at said School District.

92.     *Inter alia*, Defendants failed to take action to protect Gregory Spring from bullying, harassment and discrimination because of his disabilities as well as themselves engaging in discrimination because of his disabilities.  Defendants also retaliated against Gregory Spring for opposing said bullying, harassment and discrimination.

93.     As a direct and proximate cause of Defendants' aforementioned unlawful acts and omissions, Plaintiffs have been injured and harmed and are entitled to compensation therefor.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
## UNDER N.Y. CIVIL RIGHTS LAW § 79-n

94.     Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1 through 93 above.

95.     Defendants, through acts of omission or commission, intentionally selected Gregory Spring for harm, and caused Gregory Spring injury and harm as set forth in the preceding paragraphs in whole or in substantial part because of a belief or perception regarding Gregory's disability.

96.     As a direct and proximate result of Defendants' actions and/or omissions, Plaintiffs have suffered injury and harm as set forth herein and are entitled to compensation therefor.

## AS AND FOR A NINTH CAUSE OF ACTION
## FOR WRONGFUL DEATH

97.     Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1 through 96 above.

98.     The deliberate, reckless and/or negligent acts of the Defendants, as set forth above, both individually and in concert served to proximately cause Gregory Spring undue stress, anxiety, strain, embarrassment and humiliation that he committed suicide.

99.     Gregory Spring's death was caused by the wrongful acts and omissions of the Defendants herein.

100.    As a result of said wrongful death, Plaintiff are entitled to receive damages for pain and suffering as well as expected lifetime earnings, benefits, retirement income, and other benefits which would have been received but for the acts of the Defendants as set forth above.

## AS AND FOR A TENTH CAUSE OF ACTION FOR
## NEGLIGENCE

101.     Plaintiffs repeat and re-allege each and every allegation set forth in paragraph 1 through 100 of this Complaint.

102.     Defendants owed Gregory Spring a duty to provide a safe learning environment free from assault, harassment and bullying.

103.     Defendants failed to take appropriate action to protect one of its own students by ensuring the safety of the victim in taking corrective action through their own policies on bullying and harassment of one student by others and/or adopting new policies.

104.     Defendants failed to establish and act upon adequate policies, procedures and systems for reporting, investigations and correcting incidents of bullying, hate crimes, and harassment so as to protect student victims of these acts by other students.

105.     Defendants condoned and tacitly approved the harassment and bullying by itself disparately treating Gregory Spring.

106.     Defendants failed to appropriately discipline students and/or employees who have committed illegal or negligent acts done under color of law and within the scope of their authority as public employees or principal, superintendent, or members of the School Board.

107.     Defendants promulgated a policy and/or custom which provides for and/or tolerates bullying and harassment.

108.     Defendants failed to properly train, supervise and discipline its employees.

109.     Defendants failed to take any and all appropriate steps to protect Gregory Spring, after having learned of the need to do so, all the time being aware that specific other named students posed a clear and present danger, continued to commit acts of violence and negligence of employees

towards Gregory Spring.

110.     As a direct and proximate result of Defendants' negligence, Plaintiffs have suffered injury and harm and are entitled to compensation therefor.

## AS AND FOR AN ELEVENTH CAUSE OF ACTION
## FOR GROSS NEGLIGENCE

111.     Plaintiffs repeat and re-allege each and every allegation set forth in paragraph 1 through 110 of this Complaint.

112.     Defendants failed to take appropriate action to protect one of its own students by ensuring the safety of the victim in taking corrective action through their own policies on bullying and harassment of one student by others and/or adopting new policies.

113.     Defendants failed to establish and act upon adequate policies, procedures and systems for reporting, investigating and correcting incidents of bullying, hate crimes, and harassment so as to protect student victims of these acts by other students.

114.     Defendants condoned and tacitly approved the harassment and bullying by itself disparately treating Gregory Spring.

115.     Defendants promulgated a policy and/or custom which provides for and/or tolerates bullying and harassment.

116.     Defendants failed to properly train, supervise and discipline its employees.

117.     Defendants failed to take any and all appropriate steps to protect Gregory Spring, after having learned of the need to do so, all the time being aware that specific other named students posed a clear and present danger, continued to commit acts of violence and negligence of employees towards Gregory Spring.

118.     Defendants' acts and omissions were so wanton, reckless, and indifferent as to

constitute gross negligence.

119.    As a direct and proximate result of Defendants gross negligence, Plaintiffs have suffered injury and harm and are entitled to compensation therefor.

### AS AND FOR A TWELFTH CAUSE OF ACTION
### FOR INTENTIONAL AND/OR RECKLESS AND/OR NEGLIGENT
### INFLICTION OF SEVERE EMOTIONAL DISTRESS

120.    Plaintiffs repeat and re-allege each and every allegation set forth in paragraph 1 through 119 of this Complaint.

121.    The actions of Defendant Lowry were outrageous and utterly intolerable in a civilized community.

122.    At all times relevant hereto, Defendant Lowry acted intentionally and/or recklessly and/or negligently.

123.    Defendant Lowry's actions caused Plaintiffs severe emotional distress.

124.    As a direct and proximate result of Defendant's outrageous actions, Plaintiffs have suffered injury and harm and are entitled to compensation therefor.

**WHEREFORE**, Plaintiffs respectfully requests judgment against the Defendants as follows:

( a ) judgment awarding Plaintiffs compensatory damages in a sum to be determined at the trial of this matter, exceeding the jurisdictional minimum;

( b ) judgment awarding Plaintiff punitive damages in a sum to be determined at trial of this matter;

( c ) for each Cause of Action, granting the following injunctive relief:

-22-

(2) Require the Defendants to review and correct all unconstitutional,

discriminatory and retaliatory treatment and conduct within the Allegany-Limestone

Central School District;

(3) Provide equal opportunities, terms, and benefits to all students attending

schools in the Allegany-Limestone Central School District;

(4) Mandate training and educational programs for employees and students about

discrimination and retaliation;

(5) Require annual reports demonstrating efforts and success at compliance in

providing a discrimination, harassment and bully free education environment;

( d ) attorneys' fees as provided by law;

( e ) declaratory relief that the Defendants violated the Plaintiffs rights under the law;

( f ) granting such other and further relief as the Court may deem just and proper.


Dated: April 7, 2014
at Rome, New York                                  s/ A.J. Bosman
                                                  A.J. Bosman, Esq.
                                                  Bosman Law Firm, L.L.C.
                                                  *Attorneys for Plaintiffs*

                                                  Office and Post Office Address:
                                                  6599 Martin Street
                                                  Rome, New York 13440
                                                  Telephone: (315) 336-9130