UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

———————————————————

KERI SPRING; EUGENE SPRING;
JULIANNE SPRING;  EUGENE SPRING and
KERI SPRING on behalf of Gregory Spring; and
KERI SPRING, as the duly appointed administrator
of THE ESTATE OF GREGORY SPRING,

                     Plaintiffs,

      -against-

ALLEGANY-LIMESTONE CENTRAL SCHOOL
DISTRICT; THE BOARD OF EDUCATION OF
THE ALLEGANY-LIMESTONE CENTRAL
SCHOOL DISTRICT; KEVIN STRAUB, Principal;
DIANE LOWRY, Teacher Assistant; JOHN DOE(S)
and JANE DOE(S), officials, administrators, representatives,
agents, employees, and servants of the Allegany-Limestone
Central School District; MICHAEL EASTON; JACOB
ROEWE; and JOHN DOE(S) and JANE DOE(S), students
of the Allegany-Limestone High School,

                    Defendants.

———————————————————

**THIRD AMENDED
COMPLAINT**

Jury Trial Demanded

Case No. 1:14-CV-476

    Plaintiffs EUGENE SPRING;  KERI SPRING;  JULIANNE SPRING;  EUGENE SPRING

and KERI SPRING on behalf of Gregory Spring; and KERI SPRING, as the duly appointed

administrator of THE ESTATE OF GREGORY SPRING, as and for a Third Amended Complaint

against Defendants, ALLEGANY-LIMESTONE CENTRAL SCHOOL DISTRICT; THE BOARD

OF EDUCATION OF THE ALLEGANY-LIMESTONE CENTRAL SCHOOL DISTRICT; KEVIN

STRAUB, in his official capacity as Principal of the Allegany-Limestone High School; DIANE

LOWRY, in her individual and official capacity as a Teacher Assistant at the Allegany-Limestone

High School; JOHN DOE(S) and JANE DOE(S), officials, administrators, representatives, agents,

employees, and servants of the Allegany- Limestone Central School District; MICHAEL EASTON;

JACOB ROEWE; and JOHN DOE(S) and JANE DOE(S), students of the Allegany-Limestone High

School, allege as follows:

## PRELIMINARY STATEMENT

1.     This is a Complaint under the Constitutions of the United States and State of New

York; 42 U.S.C. § 1983; the Americans with Disabilities Act, 42 U.S.C. §§ 12101, *et seq*. ("ADA");

the Rehabilitation Act of 1973, 29 U.S.C. § 701 ("Rehabilitation Act"); N.Y. Civil Rights Law § 79-

n; N.Y. Estate Powers & Trusts Law § 5-4.1; and New York State common law.

## JURISDICTION

2.     This Court may properly exercise jurisdiction over this action pursuant to the

provisions of 28 U.S.C. §§ 1331 and 1367.

## VENUE

3.     Venue is proper in the Western District of New York pursuant to the provisions of

28 U.S.C. § 1391.

## PARTIES

4.     Plaintiff Eugene Spring is a natural person and resident of the State of New York,

County of Cattaraugus.  He is the father of Gregory Spring.

5.     Plaintiff Keri Spring is a natural person and resident of the State of New York,

County of Cattaraugus.  She is the mother of Gregory Spring.

6.     Plaintiff Keri Spring was appointed administrator of The Estate of Gregory Spring

by the Surrogate's Court of the State of New York in and for the County of Cattaraugus on

December 16, 2013.

7.     Plaintiff Julianne Spring is a natural person and resident of the State of New York, County of Cattaraugus.  She is the sister of Gregory Spring.

8.     At all times relevant hereto, Plaintiff Gregory Spring was a natural person and resident of the State of New York, County of Cattaraugus. Plaintiff Gregory Spring was born December 30, 1995, and died June 17, 2013.

9.     Defendant Allegany-Limestone Central School District ("School District"), a recipient of federal financial assistance, is a municipal corporation duly organized and existing under the laws of the State of New York and maintains a principal place of business in the County of Cattaraugus, State of New York.

10.    The Board of Education of the Allegany-Limestone Central School District, Defendant herein, is the duly elected Board of Education of the Allegany-Limestone Central School District.

11.    At all times relevant hereto, Defendant Kevin Straub was the Principal of the Allegany-Limestone High School.  He is sued in his official capacity.

12.    At all times relevant hereto, Defendant Diane Lowry was a Teacher's Assistant at the Allegany-Limestone High School.  She is sued in her individual and official capacity.

13.    At all times relevant hereto, Defendant Michael Easton is a natural person, student at the Allegany-Limestone Central School District, and upon information and belief, resident of the County of Cattaraugus.

14.    At all times relevant hereto, Defendant Jacob Roewe is a natural person, student of the Allegany-Limestone Central School District, and upon information and belief, resident of the County of Cattaraugus.

15.     Defendants John and Jane Doe(s) are individuals whose identities are unknown at this time. Once their identities are ascertained, the names of those individuals will be substituted in place of the John Doe(s) and/or Jane Doe(s) designations.

## CONDITIONS PRECEDENT

16.     On or about September 12, 2013, a Notice of Claim was duly served on Defendants. At least 30 days has elapsed since the service of said Notice of Claim and payment thereon has been neglected.

17.     On or about February 10, 2014, following the appointment of Plaintiff Keri Spring as the administrator of The Estate of Gregory Spring, a second Notice of Claim was duly served on Defendants.  At least 30 days has elapsed since the service of said Notice of Claim and payment thereon has been refused.

## FACTS

18.     Gregory Spring, a Special Education student suffering from disabilities was subjected to cruel and inhuman treatment and bullying while enrolled at the Allegany-Limestone Central School District.

19.     Gregory Spring's disabilities included but were not limited to Tourette's Syndrome, ADHD, and Callosum Dysgenesis.  These disabilities substantially limited the ability of Gregory Spring to perform the major life activities of speaking, learning, reading, concentrating, thinking, and communicating. Among other things, Gregory Spring suffered, and had a long-standing record of suffering with a variety of motor and vocal tics, which included, but were not limited to, regular and frequent swallowing sounds, outbursts, involuntary knee slapping and eye blinking tics and compulsive cracking of his neck and wrists; repetitive utterance of foul language including the "F"

word and repetitive questioning. They would become particularly acute and profound during periods of stress or unfamiliar settings or situations. These disabilities also limited his ability to comprehend, process, and retain information, and further substantially limited his ability to communicate in that he was unable to recognize emotions communicated by tone of voice and misunderstanding of social cues. According to a April 7, 2011 Psychoeducational Evaluation of the Defendant Allegany-Limestone Central School, "[s]ufferers of DCC (Dysgenesis of the Corpus Collosum) often experience challenges with social interactions due to difficulty imagining potential consequences of behavior, being insensitive to the thoughts and feelings of others, and misunderstanding social cues (for example, being vulnerable to suggestion, gullible, and not recognizing emotions communicated by tone of voice)." The above mentioned disabilities, along with their limitations on the above mentioned major life activities, impacted Gregory Spring to such an extent that special education services were needed. At all times relevant hereto, Gregory Spring was disabled within the meaning of the ADA and Rehabilitation Act and received services for individuals qualified under those acts.

20.     Plaintiff Keri Spring sought to implement an IEP for her son, Gregory Spring, after he repeated second grade. Defendant School District, and upon information and belief, all or some of the named Defendants, initially denied Gregory Spring classification of his disability and an IEP.

21.     Dr. Wolfgang, a School Psychologist, who performed the examination of Gregory Spring, told Plaintiff Keri Spring that "they didn't want to give Greg an IEP" and that he believed that Keri Spring was making up her son's diagnosis.

22.     In seventh grade, the CSE Board told Keri Spring that they did not believe that Gregory Spring had Callosum Dysgensis after Keri Spring requested a language-exempt accommodation for her son Gregory Spring. Despite having the diagnosis since Gregory Spring was

a toddler, Keri Spring was forced to provide further documentation from Gregory Spring's medical provider to "prove" that her son was actually diagnosed with Callosum Dysgenesis.

23.     Every year, Plaintiffs would meet with the CSE Board. Each year, the CSE Board sought to de-classify Gregory Spring and/or have some of his special education services eliminated.

24.     In or about Gregory Spring's 7th or 8th grade year, the CSE Board said they believed Gregory Spring should have his IEP removed, giving the cost of implementing the IEP as the reason. Plaintiff Keri Spring contacted the State Education Department in regards to these statements. Only then did Gregory Spring begin to receive services that year.

25.     At the time of his death, Gregory was attending the Allegany-Limestone High School.

26.     While attending the Allegany-Limestone High School, Gregory Spring was subjected to continuing, recurring and unremedied harassment and discrimination by students, teachers, coaches, and school administrators because of his disabilities.

27.     Among other things, Gregory Spring was subjected to numerous acts of fear and intimidation including, but not limited to, teasing, taunting, bullying, name calling, violence, offensive touching, hitting, interference with relationships, and public and private humiliation - conduct motivated in whole or part by his disabilities.  Gregory Spring was called names such "retard", "dummy", "butt buddy" and students mocked and mimicked his disability related tics. Such conduct occurred on a regular, daily or near daily basis against Gregory Spring throughout middle and high school yet was both minimized, dismissed and ignored by the school district's staff and officials, including the named Defendants.  Gregory Spring was subjected to physical injuries and mental, emotional and psychological harm as a direct result.  Gregory Spring was denied protection and a safe learning environment by the school as well as the District.  Instead, he was

punished for seeking assistance and relief from the bullying. Keri Spring continuously and on occasions too numerous to mention sought the assistance of school officials, in particular Defendant Principal Straub to address the bullying of her son. Despite her pleas, the School Defendants deliberately and or recklessly failed to take corrective or protective action.

28.     One such instance of bullying occurred in the locker room at the Allegany-Limestone High School on or about November 8, 2012. In response to unrelenting harassment and bullying by Defendant Michael Easton, Gregory Spring physically responded to Easton. Upon information and belief, Gregory Spring's conduct was a manifestation of his disability. Gregory Spring was immediately suspended and punished by Defendant Straub for this incident. No manifestation hearing was provided or waived by Plaintiffs even though multiple students came forward to support Gregory's claim that said student engaged in acts of bullying toward him. Upon information and belief, Defendant Straub failed to discipline said student.

29.     Aside from said occurrence involving Defendant Easton, there were multiple other instances in which Defendant Straub was made aware of the bullying that occurred towards Gregory Spring, and each time failed to address and/or resolve the issue. Upon information and belief Defendant Straub failed to discipline students who subjected Gregory Spring to harassing, bullying, taunting and offensive touching and perpetuated a culture tolerant to such conduct.

30.     Additionally, Defendant Straub was made aware of numerous instances in which a student threatened Gregory Spring's life, and failed to act appropriately to prevent any further abuse from occurring. When Defendant Straub was made aware of said threats he simply insisted to Gregory that he was just trying to get other children in trouble. In point of fact, upon information and belief, not one student who engaged in the torment against Gregory Spring was disciplined.

31.     Defendant Straub along with multiple School District officials/representatives (Wolfgang; Karen Geelan, the District's Superintendent; Christopher Kenyon, a Teacher and Coach; Sue Schifley, Member of the Board of Education; and Jay King, Member of the Board of Education) were made aware of numerous instances of bullying towards Gregory by fellow students and Plaintiff Keri Spring. On separate occasions in or about the Fall of 2012, Plaintiff Keri Spring personally met with Geelan, Straub, Schifley, and King alerting them to the ongoing bullying and harassment of her son and to address the lack of any anti-bullying policy in the district.  She also had repeated telephone and e-mail contact with some or all of these officials/representatives regarding same.  Said officials/representatives failed to act reasonably or appropriately to correct or prevent the unlawful conduct from continuing to occur.

32.     When she complained to Board Members King and Shiffley, Plaintiff Keri Spring was reassured that her concerns would be discussed by the Board and brought to the attention to the full Board in Executive Session.  Upon information and belief, each of the Board Members were aware of the bullying and harassment of Gregory Spring yet failed to adopt and/or implement any anti-bullying policy or otherwise take any protective or corrective action.

33.     Upon information and belief, Defendants' lack of action in response to the complaints and requests for action was the product of discriminatory animus of School officials because of Gregory Spring's disabilities inasmuch as the School District showed through word and deed a disdain for having to recognize or support him as a disabled child and/or provide services and reasonable accommodations to him.  Multiple School District faculty members (Ms. Missel, Mr. Gilbert, Ms. Connie Spring, Mr. Austin, Defendant Lowry, Kenyon, Eric Hemphill, a Teacher/Coach, etc.) spoke negatively about Gregory Spring calling him names such as "misfit",

"troublemaker", "baby", etc. in the presence of faculty, staff and students.

34.     Additionally, Gregory Spring was subjected to disparate treatment and discrimination by School officials themselves because of his disability. *Inter alia*, Gregory Spring was punished (without any manifestation hearing) for responding to acts of bullying while the offenders of said bullying were either not punished at all or not as severely.  Such punishment included suspension, reprimand, detention, targeting and facilitating a criminal prosecution by a "Bully" Michael Easton.

35.     Gregory Spring was also disciplined and kicked off the school's baseball team following "horseplay" in April, 2012 by Eric Hemphill and Christopher Kenyon because of his disabilities.  These teachers/coaches tolerated the same or similar horseplay and conduct by others without disability and then allowed Plaintiff to be ridiculed by teammates without consequence.

36.     Teacher/Coach Kenyon failed to take action to stop or prevent further torment of Plaintiff causing him severe emotional distress and a manifestation of his disabilities to react and he used a swear word referencing the team. Kenyon implemented further discipline and sent Gregory home early from practice and notified his mother, Plaintiff Keri Spring, that Gregory was removed from the team.

37.     On or about the 2012-2013 school year, a student at Allegany-Limestone Central School District informed Plaintiff Keri Spring that while in the office of Robert Decker, a School Psychologist, he came across and reviewed a confidential folder that contained all of Gregory Spring's education files.

38.     Upon information and belief, Decker negligently and/or recklessly allowed students access to personal and confidential files and failed to protect the well being of Gregory Spring by not keeping his personal files secured and out of view of fellow students.

39.     In addition to the unauthorized disclosure of Gregory Spring's education records, Defendants engaged in unauthorized testing, modified his IEP without the knowledge or consent of his parents; and repeatedly failed to provide IEP mandated special education services for which he was entitled under the law.  Additionally, School officials unlawfully refused and/or failed to provide or conduct any manifestation hearing prior to disciplining Gregory Spring. School officials also failed to properly supervise teachers of Gregory Spring to require adherence to the IEP, and inexplicably placed the responsibility of enforcing implementation on the Plaintiffs.

40.     Due to Defendants' acts and omissions, including negligence, gross negligence, recklessness and/or deliberate indifference to disabilities, bullying, and discriminatory conduct against Gregory Spring, they caused him severe emotional distress, humiliation, embarrassment, and self-loathing causing and/or contributing to his suicide on June 17, 2013.

41.     The Defendants knew or should have known that Defendants Easton and Roewe subjected the Plaintiff Gregory Spring to bullying, harassment, and threats of harm. Defendants defended Easton and failed or refused to intervene or supervise Defendant Easton or protect Plaintiff Gregory Spring from harm as expected of a reasonable educational custodian. Further, Defendants failed to provide services to Plaintiff for disability even in the face of a lawful obligation to do so.

42.     Plaintiff Gregory Spring's suicide was preceded close in time by escalating harassment and victimization by Defendant Easton who, with the aid, encouragement, sanction, and facilitation of the School District Defendants, on or about November, 2012 initiated criminal prosecution against Gregory Spring.  Upon information and belief, Defendant Straub met with Defendant Easton and his parents, encouraged and facilitated the contact of law enforcement authorities to bring charges against Gregory Spring.  Thereafter, beginning in or about November,

2012 and continuing until his death, Defendants Easton and Roewe persisted and increased their bullying and harassment against Plaintiff, following him around school, calling him "retard" and other disparaging names, mocking and mimicking his disability related tics, threatening to "kill" and "beat" him, etc. Additionally, Defendant Easton pursued Gregory Spring and engaged in such conduct at his place of work. While Plaintiffs and Gregory Spring continued to complain to School District officials regarding Defendant Easton and his behavior toward Gregory Spring, no action was taken against him. Specifically, Plaintiff Keri Spring met with Defendant Straub on no less than six (6) different occasions between January and June 2013 seeking action and intervention from the school to protect her son. During this time period, she received regular and continuous reports from Gregory that the bullying was escalating. In or about February or March 2013, Plaintiff Keri Spring met with Defendant Straub and pleaded with him to address the bullying conduct. She brought him copies of news articles dealing with bullying, including a "People" magazine titled "Tormented to Death" and advised Defendant Straub that she was concerned that her son might harm himself. Plaintiff Keri Spring was blunt with Mr. Straub, telling him repeatedly that the students' bullying conduct was due to her son's disabilities and specifically referenced the mocking and mimicking of his disability-related tics. In or about March or April 2013, Gregory Spring and Plaintiff Keri Spring met with Defendant Straub. Gregory complained about the bullying conduct of Defendants Roewe and Easton, describing the bullying to Defendant Straub, including the mocking and mimicking of his disability-related tics. Both Gregory and Plaintiff Keri Spring requested that action be taken but Defendant Straub refused, stating that Gregory was "just trying to get them [Easton and Roewe] in trouble." Additionally, Plaintiff Keri Spring expressed to Defendant Straub that the failure to act by the School was due to Gregory's disabilities. No protective or remedial action was taken. Instead,

just days later, the bullying escalated even further with taunts by Defendant Roewe about how he and Easton were free to do anything against Gregory. Thereafter, in or about April or May 2013, Plaintiff Keri Spring again met with Defendant Straub and brought him the book, "Words Matter" and referenced to him a chapter therein titled "When a Bully comes to Town" and reiterated that she was concerned that her son might harm himself. Defendant Straub persisted in reckless disregard of known disability harassment and continued to insist that Gregory was merely trying to get other students in trouble and no protective or remedial action was taken. After Gregory's death, Defendant Straub expressed regret to Janet Lynn Mitchell for his and the School's lack of response to the bullying against Gregory Spring, admitting that he failed to act when he should have. Defendant Straub had actual knowledge of yet disregarded an obvious or excessive risk of Gregory's suicide.

43.     On or around June 19, 2013, Defendant Lowry authored and spoke statements and posted comments via internet and on-line pertaining to Gregory Spring and his death, falsely accusing him of misconduct and otherwise disparaging him and inflicting severe emotional distress upon the Plaintiffs herein. Upon information and belief, Defendants Easton and Roewe also authored, made statements, and posted comments via internet and on-line pertaining to Gregory Spring and his death, stating "HAHAHAHAHAHA HE DIED!!!!!! I HOPE HE IS IN HELLLLLLLLLL."

44.     Upon information and belief, Defendant Lowry breached her duty to protect the rights of students and also violated Gregory Spring's constitutional and educational rights of confidentiality concerning his education and records therefrom.

45.     At all times relevant hereto, the School District Defendants maintained a custom

policy and/or practice of ignoring complaints of bullying and retaliating against those students and parents who seek remedy from Defendants or complain of bullying.

46.    Additionally, the School District Defendants were negligent in failing to provide proper supervision, training, and oversight of said school and/or adopt and/or implement and/or enforce appropriate policy to safeguard against disparate treatment and victimization of Plaintiff Gregory Spring.  These Defendants were negligent in that it knew or should have known of the absence of and the need for services at said school and by its students and failed to take corrective action.  During a meeting Plaintiff Keri Spring attended with school principals Michael O'Brien and Gary Gilbert in or about the spring of 2011 these school officials acknowledged that the district needed an anti-bullying policy and advised that the district was "working on it".

47.    Upon information and belief, other disabled and similarly situated students have received the same or similar treatment when reporting incidents of bullying and harassment.

48.    Among other things, the School District was negligent, grossly negligent, reckless and/or deliberately indifferent in the following ways:

-    failing to take appropriate action and/or to enforce or adopt policies to protect rights of Plaintiffs and/or other victims, and to ensure Gregory Spring's safety by taking corrective or protective action through policies on bullying and harassment of one student by others;

-    condoning and tacitly approving the harassment and bullying by subjecting Gregory Spring to disparate treatment;

-    failing to properly train, supervise, and discipline its employees;

-    promulgating a policy or custom which provides for and/or tolerates the commission

of unconstitutional and tortious acts by its students and/or employees;

- failing to appropriately discipline students and or employees who commit unlawful and/or negligent acts done under color of law and within the scope of their authority as public employees, principal, superintendent, members of school Board;

- failing to establish and act upon adequate policies, procedures and systems for reporting and investigating and correcting incidents of bullying and harassment so as to protect student victims of these acts by other students; and

- failing to take any and all appropriate steps to protect Gregory Spring, after having learned of the need to do so, with knowledge that specific other named students posed a clear and present danger, continued to commit acts of cruelty and violence toward Gregory Spring.

49.    Furthermore, the Respondents, respective servants, and/or employees were negligent in allowing individuals to circumvent or thwart the appropriate and customary protocol, policies and rules to protect Gregory Spring from such actions.

50.    Upon information and belief, the Allegany-Limestone Central School District, Superintendent, Allegany-Limestone High School and its employees knew or should have known that students and or employees were or may be violating the Education Laws of the State of New York and knew or reasonably should have known, among other things:

- that Gregory Spring was a disabled student experiencing extreme emotional and mental anguish caused by the treatment of students and/or staff which went unaddressed by the school district;

- that other students were not held accountable for harassing conduct and bullying that

was perpetrated upon Gregory Spring;

- that students throughout the entire period of Gregory Spring's attendance at the Allegany-Limestone School District committed acts of harassment, bullying, discrimination, taunting, and assault against Gregory Spring;

- that Gregory Spring was frequently disciplined for the actions of the students that were harassing, bullying, taunting and offensively touching him;

- that frequently no action and/or minimal action was taken by the school and/or district to stop student(s) from harassing, assaulting, bullying and taunting Gregory Spring;

- that Gregory Spring was subjected to discriminatory, negligent, and retaliatory treatment by School officials because of his disability and/or complaints about being bullied.

51.     The nature and full extent of said injuries are ongoing and include such things as:

(a)     financial loss;

(b)     wrongful death;

(c)     pain and suffering;

(d)     physical harm in the form of headaches, tension, stomach aches, sleeplessness, and nervousness;

(e)     emotional distress, mental anxiety, depression, and psychological trauma;

(f)     deprivation of companionship and loss of consortium;

(g)     loss of parental and sibling guidance and support and consortium;

(h)     humiliation, indignity, and shame;

(i)     loss of enjoyment of life;

(j)     harm and injury to family and community relations;

(k)     legal fees and expenses;

(l)     deprivation of human, civil, and constitutional rights in violation of the laws

and constitutions of the United States and the State of New York; and

(m)    Plaintiffs have been otherwise damaged.

Damages stated above are only those known at this time, future economic, emotional and

physical and other non-pecuniary damages are unknown.

### AS AND FOR A FIRST CAUSE OF ACTION
### AS FOR GREGORY SPRING AND KERI SPRING UNDER THE ADA
### AGAINST DEFENDANTS ALLEGANY-LIMESTONE CENTRAL SCHOOL
### DISTRICT, ALLEGANY-LIMESTONE CENTRAL SCHOOL DISTRICT BOARD
### OF EDUCATION, STRAUB, IN HIS OFFICIAL CAPACITY

52.     Plaintiffs repeat and re-allege each and every allegation set forth in paragraphs 1

through 51 as if fully set forth herein.

53.     At all times relevant hereto, Gregory Spring was an individual with a disability under

the ADA.

54.     At all times relevant hereto, Defendant Allegany-Limestone Central School District

was a public entity covered under Title II of the ADA.

55.     Defendant Allegany-Limestone Central School District violated Title II of the ADA

in that Gregory Spring was subjected to discrimination based on his disabilities while enrolled and

attending school at said School District and/or suffered from policies, practices, and/or procedures

which had discriminatory effect.

56.     *Inter alia*, Defendants failed to take action to protect Gregory Spring from bullying,

harassment and discrimination because of his disabilities as well as themselves engaging in discrimination because of his disabilities.  Defendants also retaliated against Gregory Spring for opposing said bullying, harassment and discrimination.  Defendants also retaliated against Keri Spring for advocating for the disabled by alternately placating and reassuring her that something would be done and then deliberately and stubbornly refusing to do so, instead implicating her son and his upbringing that was the cause. Such conduct ultimately resulted in the suicide of Gregory Spring and the loss of the Plaintiffs' son and brother.

57.     As a direct and proximate cause of Defendants' aforementioned unlawful acts and omissions, Plaintiffs Gregory Spring and Keri Spring have been injured and harmed and are entitled to compensation therefor.

**AS AND FOR A SECOND CAUSE OF ACTION
AS FOR GREGORY SPRING AND KERI SPRING
UNDER THE REHABILITATION ACT AGAINST
DEFENDANTS ALLEGANY-LIMESTONE CENTRAL SCHOOL
DISTRICT, ALLEGANY-LIMESTONE CENTRAL SCHOOL DISTRICT BOARD
OF EDUCATION, STRAUB, IN HIS OFFICIAL CAPACITY**

58.     Plaintiffs repeat and re-allege each and every allegation set forth in paragraphs 1 through 57 as if fully set forth herein.

59.     At all times relevant hereto, Gregory Spring was an individual with a disability under the Rehabilitation Act.

60.     At all times relevant hereto, Defendant Allegany-Limestone Central School District was a public entity receiving federal financial assistance and thus covered under the Rehabilitation Act.

61.     Defendant Allegany-Limestone Central School District violated the Rehabilitation Act in that Gregory Spring was subjected to discrimination based on his disabilities while enrolled

and attending school at said School District.

62.    *Inter alia*, Defendants failed to take action to protect Gregory Spring from bullying, harassment and discrimination because of his disabilities as well as themselves engaging in discrimination because of his disabilities.   Defendants also retaliated against Gregory Spring for opposing said bullying, harassment and discrimination.   Defendants also retaliated against Keri Spring for advocating for the disabled.

63.    As a direct and proximate cause of Defendants' aforementioned unlawful acts and omissions, Plaintiffs Gregory Spring and Keri Spring have been injured and harmed and are entitled to compensation therefor.

## AS AND FOR A THIRD CAUSE OF ACTION
## AS FOR GREGORY SPRING UNDER N.Y. CIVIL RIGHTS LAW § 79-n
## AGAINST DEFENDANTS EASTON AND ROEWE

64.    Plaintiffs repeat and re-allege each and every allegation set forth in paragraphs 1 through 63 above.

65.    All Defendants, through acts of omission or commission, intentionally selected Gregory Spring for harm, and caused Gregory Spring injury and harm as set forth in the preceding paragraphs in whole or in substantial part because of a belief or perception regarding Gregory's disability.

66.    The acts and/or omissions of the Defendants constituted a hate crime.

67.    As a direct and proximate result of Defendants' actions and/or omissions, Plaintiffs have suffered injury and harm as set forth herein and are entitled to compensation therefor.

## AS AND FOR A FOURTH CAUSE OF ACTION
## AS FOR KERI SPRING, EUGENE SPRING, AND JULIANNE SPRING
## FOR WRONGFUL DEATH AGAINST DEFENDANTS EASTON AND ROEWE

68.     Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1 through 67 above.

69.     The deliberate, reckless and/or negligent acts of the Defendants, as set forth above, both individually and in concert served to proximately cause Gregory Spring undue stress, anxiety, strain, embarrassment and humiliation that he committed suicide.

70.     Gregory Spring's death was caused by the wrongful acts and omissions of the Defendants herein.

71.     As a result of said wrongful death, Plaintiffs Keri Spring, Eugene Spring, and Julianne Spring are entitled to receive damages for pain and suffering, loss of companionship as well as expected lifetime earnings, benefits, retirement income, and other benefits which would have been received but for the acts of the Defendants as set forth above.

## AS AND FOR A FIFTH CAUSE OF ACTION
## FOR NEGLIGENCE AGAINST DEFENDANTS
## EASTON AND ROEWE

72.     Plaintiffs repeat and re-allege each and every allegation set forth in paragraph 1 through 71 of this Complaint.

73.     Defendants Allegany-Limstone School District and its employees and agents owed Gregory Spring a duty to provide a safe learning environment free from assault, harassment and bullying.

74.     Defendants failed to act *in locus parentis* or take appropriate action to protect one of their students, Gregory Spring by ensuring the safety of the victim in taking corrective action through

their own policies on bullying and harassment of one student by others and/or adopting new policies.

75.    Defendants failed to establish and act upon adequate policies, procedures and systems for reporting, investigations and correcting incidents of bullying, hate crimes, and harassment so as to protect student victims of these acts by other students.

76.    Defendants condoned and tacitly approved the harassment and bullying by itself disparately treating Gregory Spring.

77.    Defendants failed to appropriately discipline students and/or employees who have committed illegal or negligent acts done under color of law and within the scope of their authority as public employees or principal, superintendent, or members of the School Board.

78.    Defendants promulgated a policy and/or custom which provides for and/or tolerates bullying and harassment.

79.    Defendants failed to properly train, supervise and discipline its employees.

80.    Defendants failed to take any and all appropriate steps to protect Gregory Spring, after having learned of the need to do so, all the time being aware that specific other named students posed a clear and present danger, continued to commit acts of violence and negligence of employees towards Gregory Spring.

81.    As a direct and proximate result of Defendants' negligence, Plaintiff s suffered injury and harm and are entitled to compensation therefor.

## AS AND FOR A SIXTH CAUSE OF ACTION
## FOR GROSS NEGLIGENCE AGAINST DEFENDANTS
## EASTON AND ROEWE

82.    Plaintiffs repeat and re-allege each and every allegation set forth in paragraph 1 through 81 of this Complaint.

83.     Defendants Allegany-Limstone School District and its employees and agents failed to act *in locus parentis* or take appropriate action to protect Gregory Spring even with both actual and constructive notice of his victimization and disability.  Defendants failed to take corrective action through enacting or enforcing  policies on bullying and harassment of one student by others.

84.     Defendants failed to establish and act upon adequate policies, procedures and systems for reporting, investigating and correcting incidents of bullying, hate crimes, and harassment so as to protect student victims of these acts by other students.

85.     Defendants condoned and tacitly approved the harassment and bullying by itself disparately treating Gregory Spring.

86.     Defendants promulgated a policy and/or custom which provides for and/or tolerates bullying and harassment.

87.     Defendants failed to properly train, supervise and discipline its employees.

88.     Defendants failed to take any and all appropriate steps to protect Gregory Spring, after having learned of the need to do so, all the time being aware that specific other named students posed a clear and present danger, continued to commit acts of violence and negligence of employees towards Gregory Spring.

89.     Defendants' acts and omissions were so wanton, reckless, and indifferent as to constitute gross negligence.

90.     As a direct and proximate result of Defendants gross negligence, Plaintiffs have suffered injury and harm and are entitled to compensation therefor.

**AS AND FOR A SEVENTH CAUSE OF ACTION**
**FOR PLAINTIFFS KERI SPRING, EUGENE SPRING, AND JULIANNE SPRING FOR**
**INTENTIONAL AND/OR RECKLESS AND/OR NEGLIGENT INFLICTION OF**
**SEVERE EMOTIONAL DISTRESS AGAINST DEFENDANT LOWRY**

91.     Plaintiffs repeat and re-allege each and every allegation set forth in paragraph 1 through 90 of this Complaint.

92.     The actions of Defendant Lowry were outrageous and utterly intolerable in a civilized community.

93.     At all times relevant hereto, Defendant Lowry acted intentionally and/or recklessly and/or negligently.

94.     Defendant Lowry's actions caused Plaintiffs Keri Spring, Eugene Spring, and Julianne Spring severe emotional distress.

95.     As a direct and proximate result of Defendant's outrageous actions, Plaintiffs have suffered injury and harm and are entitled to compensation therefor.

**WHEREFORE**, Plaintiffs respectfully requests judgment against the Defendants, jointly and severally, as follows:

( a ) judgment awarding Plaintiffs compensatory damages in a sum to be determined at the trial of this matter, exceeding the jurisdictional minimum;

( b ) judgment awarding Plaintiff punitive damages in a sum to be determined at trial of this matter;

( c ) for each Cause of Action, granting the following injunctive relief:

(2) Require the Defendants to review and correct all unconstitutional,

discriminatory and retaliatory treatment and conduct within the Allegany-Limestone

Central School District;

(3) Provide equal opportunities, terms, and benefits to all students attending

schools in the Allegany-Limestone Central School District;

(4) Mandate training and educational programs for employees and students about

discrimination and retaliation;

(5) Require annual reports demonstrating efforts and success at compliance in

providing a discrimination, harassment and bully free education environment;

( d ) attorneys' fees as provided by law;

( e ) declaratory relief that the Defendants violated the Plaintiffs rights under the law;

( f ) granting such other and further relief as the Court may deem just and proper.

Dated: February 14, 2018
at Rome, New York

A.J. Bosman, Esq.
Bosman Law Firm, L.L.C.
*Attorneys for Plaintiffs*

Office and Post Office Address:
201 W Court Street
Rome, New York 13440
Telephone: (315) 336-9130