UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

KERI SPRING; EUGENE SPRING; JULIANNE
SPRING; EUGENE SPRING and KERI SPRING
on behalf of Gregory Spring; and KERI SPRING,
as the duly appointed administrator of THE ESTATE
OF GREGORY SPRING,

                              Plaintiffs,      **ANSWER TO THIRD**
                                                        **AMENDED COMPLAINT**
                                                        **CASE NO.: 1:14-cv-476**

vs.

ALLEGANY-LIMESTONE CENTRAL SCHOOL
DISTRICT; THE BOARD OF EDUCATION OF
THE ALLEGANY-LIMESTONE CENTRAL
SCHOOL DISTRICT; KEVIN STRAUB, Principal;
DIANE LOWRY, Teacher Assistant; JOHN DOE(S)
and JANE DOE(S), officials, administrators, representatives,
agents, employees, and servants of the Allegany-Limestone
Central School District; MICHAEL EASTON; JACOB ROEWE;
and JOHN DOE(S) and JANE DOE(S), students of the
Allegany-Limestone High School,

                              Defendants.
_____

       Defendants Allegany-Limestone Central School District, The Board of Education of the Allegany-Limestone Central School District, and Kevin Straub, Principal (collectively "School District Defendants" or "answering defendants"), by Sugarman Law Firm, LLP, answering the Third Amended Complaint of the plaintiffs, allege:

       1.     DENY the allegations in paragraph "1."

       2.     Paragraph "2" sets forth legal conclusions not calling for an admission or denial, but to the extent it contains allegations to which a response is required, answering defendants DENY such allegations.

3. Paragraph "3" sets forth legal conclusions not calling for an admission or denial, but to the extent it contains allegations to which a response is required, answering defendants DENY such allegations.

4. DENY knowledge and information sufficient to form a belief as to the allegations contained in paragraph "4."

5. DENY knowledge and information sufficient to form a belief as to the allegations contained in paragraph "5."

6. DENY knowledge and information sufficient to form a belief as to the allegations contained in paragraph "6."

7. DENY knowledge and information sufficient to form a belief as to the allegations contained in paragraph "7."

8. DENY knowledge and information sufficient to form a belief as to the allegations contained in paragraph "8."

9. DENY knowledge and information sufficient to form a belief as to the allegations contained in paragraph "9."

10. ADMIT upon information and belief the allegations in paragraph "10."

11. DENY knowledge and information sufficient to form a belief as to the allegations contained in paragraph "11."

12. DENY knowledge and information sufficient to form a belief as to the allegations contained in paragraph "12."

13. DENY knowledge and information sufficient to form a belief as to the allegations contained in paragraph "13."

14. DENY knowledge and information sufficient to form a belief as to the allegations contained in paragraph "14."

15. DENY knowledge and information sufficient to form a belief as to the allegations contained in paragraph "15."

16. DENY knowledge and information sufficient to form a belief as to the allegations contained in paragraph "16."

17. DENY knowledge and information sufficient to form a belief as to the allegations contained in paragraph "17."

18. DENY the allegations contained in paragraph "18."

19. DENY the allegations contained in paragraph "19."

20. DENY knowledge and information sufficient to form a belief as to the allegations contained in paragraph "20."

21. DENY knowledge and information sufficient to form a belief as to the allegations contained in paragraph "21."

22. DENY knowledge and information sufficient to form a belief as to the allegations contained in paragraph "22."

23. DENY knowledge and information sufficient to form a belief as to the allegations contained in paragraph "23."

24. DENY knowledge and information sufficient to form a belief as to the allegations contained in paragraph "24."

25. ADMIT upon information and belief that at the time of his death, Gregory Spring was a student at Allegany-Limestone Middle-High School, but otherwise DENY the allegations in paragraph "25."

26. DENY the allegations contained in paragraph "26."

27. DENY the allegations contained in paragraph "27."

28. DENY the allegations contained in paragraph "28."

29. DENY the allegations contained in paragraph "29."

30. DENY the allegations contained in paragraph "30."

31. DENY the allegations contained in paragraph "31."

32. DENY the allegations contained in paragraph "32."

33. DENY the allegations contained in paragraph "33."

34. DENY the allegations contained in paragraph "34."

35. DENY the allegations contained in paragraph "35."

36. DENY the allegations contained in paragraph "36."

37. DENY knowledge and information sufficient to form a belief as to the allegations contained in paragraph "37."

38. DENY the allegations contained in paragraph "38."

39. DENY the allegations contained in paragraph "39."

40. DENY the allegations contained in paragraph "40."

41. DENY the allegations contained in paragraph "41."

42. DENY the allegations contained in paragraph "42."

43. DENY knowledge and information sufficient to form a belief as to the allegations contained in paragraph "43."

44. DENY the allegations contained in paragraph "44."

45. DENY the allegations contained in paragraph "45."

46. DENY the allegations contained in paragraph "46."

47. DENY the allegations contained in paragraph "47."

48. DENY the allegations contained in paragraph "48."

49. DENY the allegations contained in paragraph "49."

50. DENY the allegations contained in paragraph "50."

51. DENY the allegations contained in paragraph "51."

52. With respect to paragraph "52," the answering defendants repeat, reiterate, and reallege each and every admission and denial heretofore made with the same force and effect as if more fully set forth herein.

53. DENY the allegations contained in paragraph "53."

54. Paragraph "54" sets forth legal conclusions not calling for an admission or denial, but to the extent it contains allegations to which a response is required, answering defendants DENY such allegations.

55. DENY the allegations contained in paragraph "55."

56. DENY the allegations contained in paragraph "56." Paragraph "56" also contains allegations that have already been dismissed by order of the Court, which has dismissed all retaliation claims.

57. DENY the allegations contained in paragraph "57."

58. With respect to paragraph "58," the answering defendants repeat, reiterate, and reallege each and every admission and denial heretofore made with the same force and effect as if more fully set forth herein.

59. DENY the allegations contained in paragraph "59."

60. Paragraph "60" sets forth legal conclusions not calling for an admission or denial, but to the extent it contains allegations to which a response is required, answering defendants DENY such allegations.

61. DENY the allegations contained in paragraph "61."

62. DENY the allegations contained in paragraph "62." Paragraph "62" also contains allegations that have already been dismissed by order of the Court, which has dismissed all retaliation claims.

63. DENY the allegations contained in paragraph "63."

64. With respect to paragraph "64," the answering defendants repeat, reiterate, and reallege each and every admission and denial heretofore made with the same force and effect as if more fully set forth herein.

65. DENY the allegations contained in paragraph "65." To the extent the plaintiffs are making any allegations in paragraph "65" against the School District defendants, those allegations have already been dismissed by order of the Court, which has dismissed the N.Y. Civil Rights Law § 79-n claim against the School District defendants.

66. DENY the allegations contained in paragraph "66." To the extent the plaintiffs are making any allegations in paragraph "66" against the School District defendants, those allegations have already been dismissed by order of the Court, which has dismissed the N.Y. Civil Rights Law § 79-n claim against the School District defendants.

67. DENY the allegations contained in paragraph "67." To the extent the plaintiffs are making any allegations in paragraph "67" against the School District defendants, those allegations have already been dismissed by order of the Court, which has dismissed the N.Y. Civil Rights Law § 79-n claim against the School District defendants.

68. With respect to paragraph "68," the answering defendants repeat, reiterate, and reallege each and every admission and denial heretofore made with the same force and effect as if more fully set forth herein.

69. DENY the allegations contained in paragraph "69." To the extent the plaintiffs are making any allegations in paragraph "69" against the School District defendants, those allegations have already been dismissed by order of the Court, which has dismissed the wrongful death claim against the School District defendants.

70. DENY the allegations contained in paragraph "70." To the extent the plaintiffs are making any allegations in paragraph "70" against the School District defendants, those allegations have already been dismissed by order of the Court, which has dismissed the wrongful death claim against the School District defendants.

71. DENY the allegations contained in paragraph "71." To the extent the plaintiffs are making any allegations in paragraph "71" against the School District defendants, those allegations have already been dismissed by order of the Court, which has dismissed the wrongful death claim against the School District defendants.

72. With respect to paragraph "72," the answering defendants repeat, reiterate, and reallege each and every admission and denial heretofore made with the same force and effect as if more fully set forth herein.

73. DENY the allegations contained in paragraph "73." To the extent the plaintiffs are making any allegations in paragraph "73" against the School District defendants, those allegations have already been dismissed by order of the Court, which has dismissed the negligence claim against the School District defendants.

74. DENY the allegations contained in paragraph "74." To the extent the plaintiffs are making any allegations in paragraph "74" against the School District defendants, those allegations have already been dismissed by order of the Court, which has dismissed the negligence claim against the School District defendants.

75. DENY the allegations contained in paragraph "75." To the extent the plaintiffs are making any allegations in paragraph "75" against the School District defendants, those allegations have already been dismissed by order of the Court, which has dismissed the negligence claim against the School District defendants.

76. DENY the allegations contained in paragraph "76." To the extent the plaintiffs are making any allegations in paragraph "76" against the School District defendants, those allegations have already been dismissed by order of the Court, which has dismissed the negligence claim against the School District defendants.

77. DENY the allegations contained in paragraph "77." To the extent the plaintiffs are making any allegations in paragraph "77" against the School District defendants, those allegations have already been dismissed by order of the Court, which has dismissed the negligence claim against the School District defendants.

78. DENY the allegations contained in paragraph "78." To the extent the plaintiffs are making any allegations in paragraph "78" against the School District defendants, those allegations have already been dismissed by order of the Court, which has dismissed the negligence claim against the School District defendants.

79. DENY the allegations contained in paragraph "79." To the extent the plaintiffs are making any allegations in paragraph "79" against the School District defendants, those

allegations have already been dismissed by order of the Court, which has dismissed the negligence claim against the School District defendants.

80. DENY the allegations contained in paragraph "80." To the extent the plaintiffs are making any allegations in paragraph "80" against the School District defendants, those allegations have already been dismissed by order of the Court, which has dismissed the negligence claim against the School District defendants.

81. DENY the allegations contained in paragraph "81." To the extent the plaintiffs are making any allegations in paragraph "81" against the School District defendants, those allegations have already been dismissed by order of the Court, which has dismissed the negligence claim against the School District defendants.

82. With respect to paragraph "82," the answering defendants repeat, reiterate, and reallege each and every admission and denial heretofore made with the same force and effect as if more fully set forth herein.

83. DENY the allegations contained in paragraph "83." To the extent the plaintiffs are making any allegations in paragraph "83" against the School District defendants, those allegations have already been dismissed by order of the Court, which has dismissed the gross negligence claim against the School District defendants.

84. DENY the allegations contained in paragraph "84." To the extent the plaintiffs are making any allegations in paragraph "84" against the School District defendants, those allegations have already been dismissed by order of the Court, which has dismissed the gross negligence claim against the School District defendants.

85. DENY the allegations contained in paragraph "85." To the extent the plaintiffs are making any allegations in paragraph "85" against the School District defendants, those

allegations have already been dismissed by order of the Court, which has dismissed the gross negligence claim against the School District defendants.

86. DENY the allegations contained in paragraph "86." To the extent the plaintiffs are making any allegations in paragraph "86" against the School District defendants, those allegations have already been dismissed by order of the Court, which has dismissed the gross negligence claim against the School District defendants.

87. DENY the allegations contained in paragraph "87." To the extent the plaintiffs are making any allegations in paragraph "87" against the School District defendants, those allegations have already been dismissed by order of the Court, which has dismissed the gross negligence claim against the School District defendants.

88. DENY the allegations contained in paragraph "88." To the extent the plaintiffs are making any allegations in paragraph "88" against the School District defendants, those allegations have already been dismissed by order of the Court, which has dismissed the gross negligence claim against the School District defendants.

89. DENY the allegations contained in paragraph "89." To the extent the plaintiffs are making any allegations in paragraph "89" against the School District defendants, those allegations have already been dismissed by order of the Court, which has dismissed the gross negligence claim against the School District defendants.

90. DENY the allegations contained in paragraph "90." To the extent the plaintiffs are making any allegations in paragraph "90" against the School District defendants, those allegations have already been dismissed by order of the Court, which has dismissed the gross negligence claim against the School District defendants.

91. With respect to paragraph "91," the answering defendants repeat, reiterate, and reallege each and every admission and denial heretofore made with the same force and effect as if more fully set forth herein.

92. DENY the allegations in paragraph "92" to the extent they are directed at the School District defendants, and otherwise DENY knowledge and information sufficient to form a belief as to the allegations contained in paragraph "92."

93. DENY the allegations in paragraph "93" to the extent they are directed at the School District defendants, and otherwise DENY knowledge and information sufficient to form a belief as to the allegations contained in paragraph "93."

94. DENY the allegations in paragraph "94" to the extent they are directed at the School District defendants, and otherwise DENY knowledge and information sufficient to form a belief as to the allegations contained in paragraph "94."

95. DENY the allegations in paragraph "95" to the extent they are directed at the School District defendants, and otherwise DENY knowledge and information sufficient to form a belief as to the allegations contained in paragraph "95."

96. DENY each and every other allegation not hereinbefore specifically admitted, controverted, or denied.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE,**
**THE ANSWERING DEFENDANTS ALLEGE**

97. The Third Amended Complaint fails to state a cause of action upon which relief may be properly granted against one or more of the answering defendants.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE,
THE ANSWERING DEFENDANTS ALLEGE**

98. Upon information and belief, whatever injuries the plaintiffs sustained were caused or contributed to by the culpable conduct of the plaintiffs and/or decedent Gregory Spring and plaintiffs' damages, if any, shall be diminished in the proportion which the culpable conduct attributable to the plaintiffs and/or Gregory Spring bears to the culpable conduct which caused the damages.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE,
THE ANSWERING DEFENDANTS ALLEGE**

99. Upon information and belief, the Court has no jurisdiction over the person of the answering defendants due to the absence of proper service of process.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE,
THE ANSWERING DEFENDANTS ALLEGE**

100. Upon information and belief, one or more causes of action in the Third Amended Complaint are barred by the applicable statute of limitations.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE,
THE ANSWERING DEFENDANTS ALLEGE**

101. The plaintiffs are barred from pursuing any claims or allegations against the School District defendants that have been previously dismissed by Court order.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE,
THE ANSWERING DEFENDANTS ALLEGE**

102. At all times herein relevant, the answering defendants acted in good faith, with a reasonable belief of the legality of their actions and within the scope of their authority, official duties, and discretion.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE, THE ANSWERING DEFENDANTS ALLEGE

103. Upon information and belief, the actions of the answering defendants are protected by the doctrine of qualified and/or governmental immunity and, therefore, the plaintiffs' claims must be dismissed.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE, THE ANSWERING DEFENDANTS ALLEGE

104. Upon information and belief, the answering defendants acted at all times in a reasonable and proper manner under the circumstances and facts involved, and at no time did they violate a clearly established federal right of the plaintiffs or Gregory Spring.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE, THE ANSWERING DEFENDANTS ALLEGE

105. Upon information and belief, the answering defendants at all times acted with probable and/or reasonable cause and their actions were in all respects justified such that the plaintiffs' claims must be dismissed.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE, THE ANSWERING DEFENDANTS ALLEGE

106. Upon information and belief, the plaintiffs failed to fulfill all conditions precedent to sustain one or more of the claims herein pursuant to the New York General Municipal Law.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE, THE ANSWERING DEFENDANTS ALLEGE

107. The plaintiffs have failed to exhaust all administrative remedies.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE, THE ANSWERING DEFENDANTS ALLEGE

108. One or more of the plaintiffs lack standing to pursue this action and/or one or more of the claims in the Third Amended Complaint.

**AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE,
THE ANSWERING DEFENDANTS ALLEGE**

109.  One or more of the plaintiffs lack the capacity to pursue this action and/or one or more of the claims in the Third Amended Complaint.

**AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE,
THE ANSWERING DEFENDANTS ALLEGE**

110.  This Court lacks subject matter jurisdiction over this action.

**AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE,
THE ANSWERING DEFENDANTS ALLEGE**

111.  This Court is not the proper forum or venue for this action.

**AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE,
THE ANSWERING DEFENDANTS ALLEGE**

112.  The principle of res judicata bars one or more of the plaintiffs' claims.

**AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE,
THE ANSWERING DEFENDANTS ALLEGE**

113.  The principle of collateral estoppel bars one or more of the plaintiffs' claims.

**AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE,
THE ANSWERING DEFENDANTS ALLEGE**

114.  Upon information and belief, the plaintiffs have failed to mitigate their alleged damages.

**AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE,
THE ANSWERING DEFENDANTS ALLEGE**

115.  Any award for punitive damages would not be proper under the common law of the State of New York and would be violative of the numerous and various constitutional rights and protections afforded by the United States and New York Constitutions, particularly the due process clauses contained therein.  Inasmuch as the standard for determining a defendant's liability for such damages is both vague and arbitrary, the standard also lacks sufficient clarity in

terms of conduct required to give rise to such a claim, and there are no meaningful standards for determining the amount of such an award. In any case, all claims for punitive damages have been dismissed as against the School District defendants.

### AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE, THE ANSWERING DEFENDANTS ALLEGE

116. The plaintiffs are barred from recovering any items of damages against the School District defendants that have already been dismissed by order of the Court.

### AS AND FOR A CROSS-CLAIM AGAINST CO-DEFENDANTS MICHAEL EASTON AND JACOB ROEWE, THE ANSWERING DEFENDANTS ALLEGE

117. Upon information and belief, if the plaintiffs sustained any damages at the time and place alleged in the Third Amended Complaint through any acts or omissions other than the plaintiffs' own or Gregory Spring's own, such damages were caused by the culpable conduct of defendants Michael Easton and Jacob Roewe, and if any judgment is obtained against the answering defendants, then the answering defendants demand judgment over against defendants Michael Easton and Jacob Roewe, for contribution and/or indemnity for any part or all of the judgment awarded.

### THE DEFENDANTS DEMAND A JURY TRIAL

WHEREFORE, the answering defendants demand judgment dismissing the Third Amended Complaint, together with attorneys' fees and the costs and disbursements of this action.

Dated: Buffalo, New York
       March 1, 2018

/s/ Daniel T. Cavarello, Esq.
Daniel T. Cavarello, Esq.
SUGARMAN LAW FIRM, LLP
*Attorneys for Allegany-Limestone Central School District, The Board of Education of the Allegany-Limestone Central School District, and Kevin Straub, Principal*
Office and Post Office Address
1600 Rand Building
14 Lafayette Square
Buffalo, New York 14203
Telephone: (716) 847-2523
dcavarello@sugarmanlaw.com