UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

KERI SPRING, EUGENE SPRING, JULIANNE SPRING,
EUGENE SPRING AND KERI SPRING on behalf of
Gregory Spring, and KERI SPRING, as the duly
appointed administrator of THE ESTATE OF GREGORY
SPRING,

        Plaintiffs,
 v.               **DECISION AND ORDER**
                     14-CV-476S

ALLEGANY-LIMESTONE CENTRAL SCHOOL DISTRICT,
THE BOARD OF EDUCATION OF THE ALLEGANY-LIMESTONE
CENTRAL SCHOOL DISTRICT, KEVIN STRAUB, Principal, DIANE
LOWRY, Teacher Assistant, JOHN DOE(S) AND JANE DOE(S),
officials, administrators, representatives, agents, employees,
and servants of the Allegany-Limestone Central School District,
MICHAEL EASTON, JACOB ROEWE, and JOHN DOE(S) and
JANE DOE(S), students of the Allegany-Limestone High
School,

        Defendants.

## I. INTRODUCTION

Before this Court is Plaintiffs' motion to seal certain exhibits submitted in opposition to the School District Defendants'[1] motion for summary judgment. (Docket No. 159.) The School District Defendants oppose Plaintiffs' motion to seal. For the following reasons, this Court will grant Plaintiffs' motion.

---

[1] Plaintiffs submit medical records in response to the motion for summary judgment of the Allegany-Limestone Central School District, the Board of Education of the Allegany-Limestone Central School District, and Kevin Straub. (Docket No. 143.) For convenience, these parties are referred to as the "School District Defendants."

1

## II.     BACKGROUND

This action follows the tragic suicide of high school student Gregory Spring on June 17, 2013. Gregory was a special education student who, Plaintiffs allege, suffered from disabilities including Tourette's Syndrome, ADHD, and Callosum Dysgenesis. (Third Amended Complaint, Docket No. 97, ¶ 19.) Plaintiffs allege that Gregory was subjected to bullying and discrimination by both student bullies and School District Defendants. (Id., ¶¶ 26-27.) They allege that School District Defendants, among other things, tolerated the bullying while disciplining Gregory for manifestations of his disabilities. (Id., ¶ 28.) According to Plaintiffs, despite Gregory's mother frequent pleas for intervention and assistance, the School District Defendants both failed to act to protect him and acted in a discriminatory fashion against him, causing Gregory to suffer severe emotional distress, which in turn caused his suicide. (Id., ¶¶ 33-42, 45-50.)

On June 18, 2021, the School District Defendants filed a motion for summary judgment. (Docket No. 143.) The School District Defendants argue, among other things, that summary judgment is warranted because Gregory did not have a qualifying disability as defined by the Americans with Disabilities Act and the Rehabilitation Act. (Docket No. 143-39 at p. 2.) In response, Plaintiffs submit the affirmation of Gregory's mother, Keri Spring, attesting to Gregory's medical and psychological problems. (Docket No. 158-4.) Plaintiffs now move this Court to seal Gregory's medical records, individual education plans ("IEPs"), and psychosocial assessment, which they seek to attach as exhibits A, B, and C to Keri Spring's affirmation. For the following reasons,

2

Plaintiffs' motion will be granted.

### III.    DISCUSSION

Both parties in this dispute make compelling arguments. On the one hand, there is a "strong First Amendment presumption of public access to judicial documents and proceedings." Dunham v. City of New York, No. 11-CV-01223 (ALC), 2021 WL 918373, at *1 (S.D.N.Y. Mar. 10, 2021) (citing Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 119-20, 123-24 (2d Cir. 2006)). "[I]t is well-settled that documents submitted to a court for its consideration in a summary judgment motion are—as a matter of law—judicial documents to which a strong presumption of access attaches, under both the common law and the First Amendment." Est. of Jackson by Jackson v. Cty. of Suffolk, No. 2:12-CV-1455, 2019 WL 3253063, at *7 (E.D.N.Y. July 19, 2019) (citing Brown v. Maxwell, No. 18-2868, 2019 WL 2814839, at *3 (2d Cir. July 3, 2019) (internal citation omitted)).

On the other hand, courts in this circuit regularly allow medical records to be filed under seal, finding that parties have a strong privacy interest in their medical information. See, e.g., McGuirk v. Swiss Re Fin. Servs. Corp., No. 14-cv-9516, 2015 WL 13661685, at *1 (S.D.N.Y. Mar. 30, 2015) ("Medical information is among the types of information often made subject to a sealing order."); Dilworth v. Goldberg, No. 10–CV–2224 JMF, 2014 WL 3798631, at *2 (S.D.N.Y. Aug. 1, 2014) ("Exhibits S, T, and Z were properly redacted, as they comprised Plaintiff's private medical records."); Hand v. New York City Transit Auth., No. 11–CV–997 (RRM)(MDG), 2012 WL 3704826, at *5

(E.D.N.Y. Aug. 26, 2012) ("Federal law generally treats medical records as confidential.... Thus, plaintiff's motion to seal is granted in part with respect to portions of dockets sheets that include the aforementioned Employee Medical History & Physician's Certification Form."); Wheeler–Whichard v. Doe, No. 10–CV–0358S, 2010 WL 3395288, at *7 (W.D.N.Y. Aug. 25, 2010) ("The Court notes, however, that this Court and other district courts routinely file medical records under seal, without sealing the action or having plaintiff proceed under a pseudonym, to protect plaintiff's privacy interests in his medical records and, therefore, plaintiff's medical records only shall be sealed."); Northrop v. Carucci, No. 304–CV–103 (RNC), 2007 WL 685173, at *3 n. 6 (D. Conn. Mar. 5, 2007) (sealing sua sponte 800 pages of plaintiff's medical records because "federal law treats medical records as confidential"); Ray v. New York State Dep't of Corr., No. 04-CV-6191L, 2005 WL 2994312, at *3 (W.D.N.Y. Nov. 8, 2005) (pro se plaintiff's medical records—submitted by defendants seeking summary judgment on Eighth-Amendment claim regarding treatment of plaintiff's Hepatitis C—sealed by court).

Plaintiffs urge this Court to seal Gregory's medical records, IEPs, and the psychosocial evaluation performed by Gregory's school psychologist because these are sensitive records that should not be made public, and because courts regularly seal such documents. (See Docket No. 162 at p. 3.) The School District Defendants counter that Plaintiffs have put Gregory's physical and mental health at issue by bringing this action, that Gregory lost any privacy interest in his medical information upon his death, and that this Court should follow this circuit's policy of keeping documents related to motions for

4

summary judgment accessible to public scrutiny.

Although both arguments are compelling, this Court finds that Gregory's privacy interest in his medical records outweighs the public's interest in full access to these documents. Although Gregory's privacy interest in his medical records is clearly diminished because he is deceased, see Rotger v. Montefiore Med. Ctr., No. 1:15-CV-7783-GHW, 2018 WL 11214575, at *1 (S.D.N.Y. Mar. 30, 2018), this Court does not find that the public interest in access to these particular judicial documents outweighs Gregory's interest in the privacy of his medical records. Further, this Court finds that the public's interest in access will be protected by this Court's decisions not being filed under seal, and by all references to the relevant records being unredacted. See B.J.S. v. State Educ. Dep't/Univ. of State of N.Y., No. 08-CV-513A F, 2010 WL 502796, at *3–5 (W.D.N.Y. Feb. 9, 2010). For these reasons, this Court will grant Plaintiff's motion to seal Gregory's medical records, IEP, and psychosocial evaluation.

## IV.    ORDERS

IT HEREBY IS ORDERED, that Plaintiffs' Motion to Seal (Docket No. 159) Exhibits A, B, and C to the Affirmation of Keri Spring is GRANTED.

FURTHER, that the Clerk of Court is directed to file Exhibits A, B, and C to the Affirmation of Keri Spring (Docket Nos. 158-5, 158-6, and 158-7) under seal.

SO ORDERED.

Dated:	September 14, 2021
	Buffalo, New York

s/William M. Skretny
WILLIAM M. SKRETNY
United States District Judge