UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

───────────────────────────────

KERI SPRING, EUGENE SPRING,
JULIANNE SPRING, EUGENE SPRING
and KERI SPRING, on behalf of Gregory
Spring, KERI SPRING, as the duly
appointed administrator of The Estate of      14-CV-476 (JLS)
Gregory Spring,

          Plaintiffs,

v.

ALLEGANY-LIMESTONE CENTRAL
SCHOOL DISTRICT, ET AL.

          Defendants.

───────────────────────────────

## ORDER ON MOTIONS *IN LIMINE*

At the July 20, 2023 final pretrial conference, the Court addressed pending motions *in limine* filed by Plaintiffs (Dkt. 206) and Defendants (Dkt. 203). The Court heard argument and issued the following rulings, for the reasons below and for those stated on the record:

- **Plaintiffs' motion to preclude Defendants from introducing the New York State Police Incident Report** (Dkt. 206).

  The Court **granted, in part,** and **denied, in part,** Plaintiffs' motion. The report is admissible to the extent that it includes the Trooper's observations and perceptions of the scene, and his actions. The Trooper's conclusion that Gregory Spring's death was a suicide is admissible, but his opinion about the

motivation for Gregory Spring's suicide is inadmissible. Also admissible are statements of Plaintiffs contained in the report—both the summaries of their statements and the supporting depositions they gave. All other portions of the report, including statements and summaries of statements from other witnesses, are inadmissible. Counsel shall work together on redactions to the police report, consistent with this decision.

- **Plaintiffs' motion to preclude Defendants from introducing the text messages contained within the New York State Police Incident Report** (Dkt. 206).

    The Court **denied** the motion. The text messages are admissible, consistent with Federal Rule of Evidence 1004.

- **Plaintiffs' motion to preclude Defendants from calling Trooper Howard as a witness at trial to testify about the motivation for Gregory Spring's suicide** (Dkt. 206).

    The Court **granted** this motion. Trooper Howard may testify about what he did and observed at the scene, what Plaintiffs did and did not tell him, and his conclusion that Gregory Spring's death was a suicide. He may not testify about any conclusions or opinions regarding the motivation for Gregory Spring's suicide.

- **Defendants' motion to preclude hearsay statements from Gregory Spring to his family and Defendant Straub about bullying** (Dkt. 203).

  The Court **denied** Defendants' motion. The statements by Gregory Spring to his family are admissible under Federal Rule of Evidence 807. The statements are supported by sufficient guarantees of trustworthiness under the totality of the circumstances and are corroborated, to an extent. The statements are the most probative evidence on the issue, and the interests of justice are advanced by admitting the statements. In other words, the statements are admissible under the standard courts within the Second Circuit use to apply Rule 807. *See Gem Fin. Serv., Inc. v. City of N.Y.*, No. 13-CV-1686 (RPK) (RER), 2022 WL 409618, at *5 (E.D.N.Y. Feb. 10, 2022) (quoting *United States v. Dawkins*, 999 F.3d 767, 791 (2d Cir. 2021)).

  Further, statements made to Defendant Straub are admissible as to notice.

- **Defendants' motion to preclude irrelevant hearsay statements from Defendant Straub (1) to Gregory Spring, and (2) after Gregory Spring's death** (Dkt. 203).

  The Court **denied** Defendants' motion, in its entirety. Defendant Straub's statements (1) that Gregory "was trying to get other kids in trouble," and (2) "I can't believe this is happening to me," are admissible.

- **Defendants' motion to preclude testimony about documents that were not produced, including (1) a book Keri Spring gave to Defendant Straub, (2) a magazine Keri Spring gave to Defendant Straub, and (3) a folder of information about Gregory Spring's interactions with certain students** (Dkt. 203).

    The Court **granted, in part,** and **denied, in part,** Defendants' motion. Keri Spring may testify that she gave the book and magazine to Defendant Straub, but the documents themselves are inadmissible. The Court **held in abeyance** Defendants' motion as to the folder of information, and will address the admissibility of testimony about the folder of information at trial, pursuant to any objection from Defendants.

- **Defendants' motion to preclude lay opinion testimony about Gregory Spring's disabilities** (Dkt. 203).

    The Court **granted, in part,** and **denied, in part,** Defendants' motion. Keri Spring may testify about what she observed but may not testify about Gregory Spring's diagnoses.

- **Defendants motion to preclude evidence of bullying that occurred prior to June 17, 2011** (Dkt. 203).

    The Court **denied** Defendants' motion. Evidence of bullying of Gregory Spring that occurred before June 17, 2011 is admissible as background and as to Defendants' intent under Federal Rule of Evidence 404(b).

4

- **Defendants' motion to preclude Plaintiffs from calling certain witnesses who were not timely disclosed** (Dkt. 203).

The Court **denied** Defendants' motion, as framed—*e.g.*, to preclude certain witnesses from testifying because they were not timely disclosed. Defendants may depose the four named witnesses before trial. Plaintiffs shall provide addresses for these witnesses to Defendants by **July 27, 2023**.

Defendants may move *in limine* to preclude evidence of any bullying that occurred in the school district that did not involve Gregory Spring by **August 4, 2023**. Plaintiffs shall respond by **August 18, 2023**. And Defendants' reply is due by **August 25, 2023**. The Court expects to resolve this motion on the papers, unless the Court orders otherwise.

SO ORDERED.

Dated:   July 20, 2023
         Buffalo, New York

                                         _____
                                         JOHN L. SINATRA, JR.
                                         UNITED STATES DISTRICT JUDGE