UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

───────────────────────────────────────────

KERI SPRING; EUGENE SPRING; JULIANNE
SPRING; EUGENE SPRING and KERI SPRING
on behalf of Gregory Spring; and KERI SPRING,
as the duly appointed administrator of
THE ESTATE OF GREGORY SPRING,

                        Plaintiffs,

vs.

ALLEGANY-LIMESTONE CENTRAL SCHOOL
DISTRICT; THE BOARD OF EDUCATION OF
THE ALLEGANY-LIMESTONE CENTRAL
SCHOOL DISTRICT; KEVIN STRAUB, Principal;
DIANE LOWRY, Teacher Assistant; JOHN DOE(S)
and JANE DOE(S), officials, administrators,
representatives, agents, employees, and servants of
the Allegany-Limestone Central School
District; MICHAEL EASTON; JACOB ROEWE;
and JOHN DOE(S) and JANE DOE(S); students of the
Allegany-Limestone High School,

                        Defendants.

**MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION TO CONFORM THE PLEADINGS TO THE PROOF**

CASE NO.: 1:14-cv-00476
WMS/HKS

───────────────────────────────────────────

## MEMORANDUM OF LAW IN OPPOSITION

The following Memorandum of Law is respectfully submitted by defendants Allegany-Limestone Central School District ("School District") and the Board of Education of the Allegany-Limestone Central School District ("Board of Education") (collectively "School District Defendants"), in opposition to the plaintiffs' motion to conform the pleadings to the proof and to add a cause of action alleging a violation of the New York State Human Rights Law ("NYSHRL") to the Third Amended Complaint.

**LEGAL ARGUMENT**

"In a motion under rule 15(b) to amend the complaint to conform to the proof, the most important question is whether the new issues were tried by the parties' express or implied consent and whether the defendant would be prejudiced by the implied amendment, i.e., whether he had a fair opportunity to defend and whether he could offer any additional evidence if the case were to be retried on a different theory."  Browning Debenture Holders' Committee v. DASA Corp., 560 F.2d 1078, 1086 (2d Cir. 1977) (quotation marks omitted).  "The purpose of Rule 15(b) is to allow the pleadings to conform to issues actually tried, not to extend the pleadings to introduce issues inferentially suggested by incidental evidence in the record."  Id.  The plaintiffs' motion should be denied for the following reasons.

First, the plaintiffs have not met their burden of establishing that amending the pleadings at this exceedingly late date is appropriate.  Specifically, they have not met their burden of establishing that the issues concerning a NYSHRL claim, which was undisputedly not pled in the Third Amended Complaint, have "nonetheless [been] tried by express or implicit consent."  See Schibuk v. Poinciana-Regency Ltd. Partnership, 764 F. Supp. 878, 883 (S.D.N.Y. 1991) (citing Browning, 560 F.2d 1078).  The plaintiffs' motion is perfunctory.  They make no reference to any of the elements or issues that would be involved in a claim under the NYSHRL, nor do they argue that any of those elements or issues have already been tried by the parties.  In fact, the plaintiffs' motion does not reference a single piece of evidence that has been offered during the course of the trial.  In other words, they do not cite any "proof" to which they claim the pleadings should be conformed.

Second, the plaintiffs' motion should be denied because permitting them to add a NYSHRL claim at this late date, when the proof is closed and the parties are preparing to give

2

their closing arguments, would significantly prejudice the School District Defendants. The only remaining defendants are the School District and the Board of Education. The NYSHRL, unlike the Americans with Disabilities Act ("ADA") and the Rehabilitation Act ("RA"), has special rules for employer liability. Specifically, under the NYSHRL, the plaintiffs would have the burden of establishing that the School District Defendants "authorized, condoned, or acquiesced" to the allegedly discriminatory conduct. See Romero v. City of New York, 839 F. Supp. 588, 634-35 (S.D.N.Y. 2012). This issue was not tried, either expressly or implicitly. Not being aware that the plaintiffs would make this last-minute attempt to add a NYSHRL claim, the School District Defendants did not know to elicit proof relevant to this issue. If such a claim were added now, the School District Defendants will have been deprived of a fair opportunity to defend themselves and to offer proof with respect to this issue. See Browning, 560 F.2d at 1086. Further, the Board of Education would not qualify as an "educational institution" under N.Y. Executive Law § 292(40). Attempting to parse out the differences between the two School District Defendants for purposes of a late-added NYSHRL claim would only lead to jury confusion and prejudice the School District Defendants.

Third, adding a claim under the NYSHRL is simply unnecessary. The same substantive elements would apply to a NYSHRL claim as would apply to the existing plaintiffs' claims under the ADA and the RA. See I.M. by L.M. v. City of New York, 178 A.D.3d 126, 136 (1st Dept. 2019). In other words, a NYSHRL claim would be duplicative of the plaintiffs' existing claims. See Graves v. Finch Pruyn & Co., Inc., 457 F.3d 181, 184 n.3 (2d Cir. 2006); Dominguez v. Athleta LLC, 2021 WL 918314, *4 (S.D.N.Y. 2021).[1]

---

[1] Again, the plaintiffs' motion makes no reference to the elements of a NYSHRL claim. If they take the position that the elements of such a claim would be less stringent than for claims under

Finally, the plaintiffs' motion should be denied because it has been brought too late and this Court should apply the doctrine of laches.  When this action was commenced in June 2014, the plaintiffs' original Complaint asserted twelve causes of action and named seventeen individual School District Defendants.  The parties litigated the pleadings, and whether the plaintiffs had stated a cause of action, for nearly four years, during which time the plaintiffs amended their complaint three times, and took an appeal to the Second Circuit.  By the time the operative Third Amended Complaint was filed in February 2018, only the plaintiffs' ADA and RA claims had survived, and the only School District Defendants remaining were the School District, the Board of Education, and Kevin Straub in his official capacity.[2]  The parties then engaged in extensive discovery, and the School District Defendants made a motion for summary judgment, which resulted in partial dismissal of the plaintiffs' ADA and RA claims, and dismissal of the only remaining claim as against Mr. Straub.  While this action was pending before this Court, the plaintiffs also commenced a wrongful death action in New York State Supreme Court in January 2019.  It is frankly impossible to believe that, after all of these years of repleading and litigation, the plaintiffs have only now realized, on the eve of the parties' summations, that they should assert an additional cause of action.

---

the ADA and RA, the prejudice to the School District Defendants is even greater and that is even more reason to deny the plaintiffs' motion.

[2] When he ruled on the motion to dismiss the Amended Complaint, Judge Skretny declined to exercise supplemental jurisdiction over the plaintiffs' negligence, gross negligence, and wrongful death claims, and dismissed them without prejudice.  See Doc. No. 70, pp. 24-27; see also Doc. No. 96, pp. 20-21.  It is possible that Judge Skretny would similarly have dismissed a NYSHRL claim if it had been asserted earlier.

## CONCLUSION

The School District Defendants respectfully request that this Court deny the plaintiffs' motion in its entirety.

Dated:  October 13, 2023

>        */s/ Marina A. Murray, Esq.*
> Marina A. Murray, Esq.
> **SUGARMAN LAW FIRM, LLP**
> Attorneys for School District Defendants
> 1600 Rand Building
> 14 Lafayette Square
> Buffalo, New York 14203
> (716) 847-2523
> mmurray@sugarmanlaw.com