UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

KERI SPRING; EUGENE SPRING;
JULIANNE SPRING; EUGENE SPRING and
KERI SPRING on behalf of Gregory Spring; and **ATTORNEY**
KERI SPRING, as the duly appointed administrator **AFFIRMATION**
of THE ESTATE OF GREGORY SPRING

        Plaintiffs,         1:14-CV-476 (JLS)

  -against-

ALLEGANY-LIMESTONE CENTRAL SCHOOL
DISTRICT, ET AL.

        Defendants.
_____

    A.J. Bosman, Esq., an attorney duly licensed to practice law in the courts of the State of New York and in the U.S. District Court for the Western District of New York, affirms the following statements as true under the penalties of perjury:

    1.  I am the principal of Bosman Law, L.L.C., the attorneys for Plaintiffs Keri Spring; Eugene Spring; Julianne Spring; Eugene Spring and Keri Spring on behalf of Gregory Spring; and Keri Spring, as the duly appointed administrator of the estate of Gregory Spring ("Plaintiffs") in the above captioned matter.

    2.  I respectfully submit this affirmation in support of Plaintiffs' application for attorneys' fees and expenses in this matter.

    3.  The jury returned a verdict finding that Defendants Allegany-Limestone Central School District and Kevin Straub violated Gregory Spring's rights under the Americans with Disabilities Act (ADA) and Rehabilitation Act (RA) and subjected him to discrimination on the

basis of his disability, and awarded $25,000 to the Estate of Gregory Spring. As the prevailing party, Plaintiffs are entitled to an award of reasonable attorneys' fees and expenses pursuant to 42 U.S.C. § 12205 and Fed. R. Civ. P. 54(d).

4. Accompanying the within Affirmation as Exhibit "A" is a statement of fees and expenses. The statement details the date, the time expended, and the nature of the work done on each of the tasks identified therein. The statement also details expenses incurred. The total amount of fees and costs expended is $451,688.94.

5. The fees and expenses sought are contemporaneously attributable to the claims that succeeded and/or were inextricably intertwined with all other claims.

6. The hourly rate that I submit herewith is that customarily charged in this District for the same or similar services by an attorney with my experience, reputation, and ability. I have been licensed to practice law in the State of New York since 1987. I received a Bachelor of Science and Master's degrees in Rhetorical Studies and Communications from SUNY Brockport in 1976 and 1982, a Juris Doctor from Syracuse University in 1986, and was awarded a Master of Laws in Trial Advocacy with Honors from Temple University in 1998. I am admitted to practice in the Northern and Western Districts of New York as well as in the United States Court of Appeals for the Second Circuit. I previously served as the Pro Se Staff Attorney for the Northern District of New York, principally focusing on Section 1983 civil rights litigation for more than seven years. Thereafter, I have practiced in the field of civil rights litigation since 1995, with a primary emphasis on civil rights, discrimination, and related litigation.

7. As an experienced civil rights litigator in both State and Federal court, I am seeking an hourly rate of $500.00. As set forth in the accompanying Memorandum of Law, judges in the

Western District have concluded that an award of $500.00 an hour for an experienced senior attorney is appropriate. The undersigned's hourly rate should be now set at a rate equal to that of the current market rate of $500.00 an hour.

8. The requested hourly rate of $500.00 is in line with the now prevailing market rates in the Western District for attorneys with my years of experience, education, and skill. See Capax Discovery, Inc. v. AEP RSD Investors, LLC, 2023 WL 140528, at *6 (W.D.N.Y. Jan. 10, 2023) (recognizing $400-500 hourly rate as reasonable for experienced trial counsel, collecting cases); New York v. Grand River Enterprises Six Nations, Ltd., 2021 WL 2958653, at *4 (W.D.N.Y. Oct. 26, 2021) (approving $500 hourly rate for attorney with more than 20 years experience); see also DIRECTV, LLC v. Wright, 2020 WL 289156, at *2 (W.D.N.Y. Jan. 21, 2020) (approving rates of $385-$490 for attorneys with 15-32 years of experience, collecting cases). The $500.00 hourly rate is justified in light of the difficultly prosecuting lawsuits of this nature, including the substantial amount of time now necessary to bring an action to trial and the risk my colleagues and I face when undertaking an action against a government entity with its substantial resources brought to bear. Furthermore, the defendants in these matters, as evidenced here, routinely refuse to seek reasonable compromise outside of trial and appeal.

9. The invoice also reflects work performed by my associate, Robert Strum, Esq and former associate, Daniel Flynn, Esq.[1] We are requesting that the Court set the hourly rate for Mr. Strum and Mr. Flynn to $250.00. See Grand River Enterprises Six Nations, Ltd., 2021 WL 4958653, at *4 (approving $200 hourly rate for attorney with one year of experience). Mr. Strum

---

[1] Due to software limitations, entries for Attorney Flynn appear on the invoice as "Rob Strum". However, in the notes of the entries, he is identified as the responsible attorney.

has participated in several trials and motions in both Federal and State court, as well as argued appeals before the Appellate Division. He was admitted to practice in New York State courts in April 2021, as well as the Western District of New York, the Northern District of New York, and the Second Circuit Court of Appeals.  Additionally, Mr. Strum completed an internship with Judge McAvoy in the Northern District of New York in 2018-2019.  With respect to Mr. Flynn, he had approximately four years of experience litigating civil rights cases at the time he argued the appeal in this case before the Second Circuit.

10.  The invoice also reflects work performed by paralegal Anthony Fernicola. Mr. Fernicola has more than twenty years of experience in civil rights cases and an hourly rate of $150.00 is reasonable for the work he performed. See Capax Discovery, Inc., 2023 WL 140528, at *7 (approving $140 "blended" paralegal hourly rate); Granite Music Corp. v. Center Street Smoke House, Inc., 786 F. Supp.2d 716, 738-39 (W.D.N.Y. 2011) (approving $120 hourly rate for paralegals with over 20 years of experience).

11.  We have omitted billing entries for administrative support staff in connection with the work cited herein and additionally omitted time expended in connection with motion practice for Defendants not brought to trial.

12.  The hours expended on this case are reasonable in light of the work that was required to be performed to achieve the successful outcome for Plaintiffs, including resisting the multiple efforts to dismiss this case prior to, during, and after trial, including an appeal to the Second Circuit.

**Wherefore,** based on the foregoing and the accompanying Memorandum of Law, I respectfully request the Court grant the fees and expenses as sought herein.

Dated: April 29, 2024

                                                                  s/A.J. Bosman
                                                             _____
                                                             A.J. Bosman, Esq.