UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

KERI SPRING; EUGENE SPRING;
JULIANNE SPRING; EUGENE SPRING and
KERI SPRING on behalf of Gregory Spring; and
KERI SPRING, as the duly appointed administrator
of THE ESTATE OF GREGORY SPRING

                Plaintiffs,                1:14-CV-476 (JLS)

   -against-

ALLEGANY-LIMESTONE CENTRAL SCHOOL
DISTRICT, ET AL.

                Defendants.
_____

**PLAINTIFFS' MEMORANDUM OF LAW
IN SUPPORT OF MOTION FOR ATTORNEYS' FEES AND EXPENSES**


**TABLE OF CONTENTS**

PRELIMINARY STATEMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

DISCUSSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

PLAINTIFFS SHOULD BE AWARDED REASONABLE
ATTORNEYS' FEES AND EXPENSES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

**PRELIMINARY STATEMENT**

This Memorandum of Law is respectfully submitted on behalf of Plaintiffs in support of their motion for attorneys' fees and expenses pursuant to 42 U.S.C. § 12205 and Fed. R. Civ. P. 54(d).

**DISCUSSION**

**PLAINTIFFS SHOULD BE AWARDED REASONABLE ATTORNEYS' FEES AND EXPENSES**

Having prevailed on their causes of action under the Americans with Disabilities Act and the Rehabilitation Act, as amended, for the violation of Gregory Spring's statutory rights to be free from disability discrimination, Plaintiffs are entitled to recover attorneys' fees and expenses pursuant to 42 U.S.C. § 12205 and Fed. R. Civ. P. 54(d). Section 12205 provides:

> In any action or administrative proceeding commenced pursuant to this chapter, the court or agency, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee, including litigation expenses, and costs, and the United States shall be liable for the foregoing the same as a private individual.

42 U.S.C. § 12205.

"The general purpose of fee-shifting statutes such as § 1988(b) is to permit plaintiffs with valid claims to attract effective legal representation and 'thereby to encourage private enforcement of civil rights statutes, to the benefit of the public as a whole.'" Green v. Torres, 361 F.3d 96, 100 (2d Cir. 2004) (quoting Quaratino v. Tiffany & Co., 166 F.3d 422, 426 (2d Cir. 1999)). As such, courts do not interpret fee-shifting statues to "impos[e] more rigorous pleading requirements on civil rights plaintiffs at the risk of a later fee reduction." Id. "[C]ivil rights plaintiffs may 'in good faith ... raise alternative legal grounds for a desired outcome, and the court's rejection of or failure to reach certain grounds is not a sufficient reason for reducing a

fee.'" Id. (quoting Quaratino, 166 F.3d at 435). "A civil rights plaintiff who obtains meaningful relief has corrected a violation of federal law and, in so doing, has vindicated Congress's statutory purposes." Fox v. Vice, 563 U.S. 826, 834 (2011). "When a plaintiff succeeds in remedying a civil rights violation . . . he serves 'as a "private attorney general," vindicating a policy that Congress considered of the highest priority.'" Id. at 833 (quoting Newman v. Piggie Park Enterprises, Inc., 390 U.S. 400, 402 (1968)). Congress explicitly recognized that "civil rights laws depend heavily upon private enforcement, and fee awards have proved an essential remedy if private citizens are to have a meaningful opportunity to vindicate the important Congressional policies which these laws contain." S. REP. 94-1011, 2 (June 29, 1976).

Attached to the accompanying Attorney Affirmation is a statement of fees and expenses. The statement details the date, the time expended, and the nature of the work done on each of the tasks identified therein. The statement also details expenses incurred. The fees and expenses sought are contemporaneously attributable to the claims that succeeded and/or were inextricably intertwined with all other claims and are reasonable.

The hourly rate submitted herewith is that customarily charged in this District for the same or similar services by an attorney with Plaintiffs' counsel's experience, reputation, and ability. She has been licensed to practice law in the State of New York since 1987. She received a Bachelor of Science and Master's degrees in Rhetorical Studies and Communications from SUNY Brockport in 1976 and 1982, a Juris Doctor from Syracuse University in 1986, and was awarded a Master of Laws in Trial Advocacy with Honors from Temple University in 1998. She is admitted to practice in the Northern and Western Districts of New York as well as in the United States Court of Appeals for the Second Circuit. She has practiced in the field of civil

rights litigation since 1995, with a primary emphasis on civil rights and discrimination related litigation. She previously served as the Pro Se Staff Attorney for the Northern District of New York, principally focusing on Section 1983 civil rights litigation for more than seven years.

As an experienced civil rights litigator in both State and Federal court, the undersigned seeks an hourly rate of $500.00. As set forth in the accompanying Memorandum of Law, judges in the Western District have concluded that an award of $500.00 an hour for an experienced senior attorney is appropriate. The undersigned's hourly rate should be now set at a rate equal to that of the current market rate of $500.00 an hour..

The requested hourly rate of $500.00 is in line with the now prevailing market rates in the Western District for attorneys with Plaintiffs' counsel's years of experience, education, and skill. See Capax Discovery, Inc. v. AEP RSD Investors, LLC, 2023 WL 140528, at *6 (W.D.N.Y. Jan. 10, 2023) (recognizing $400-500 hourly rate as reasonable for experienced trial counsel, collecting cases); New York v. Grand River Enterprises Six Nations, Ltd., 2021 WL 2958653, at *4 (W.D.N.Y. Oct. 26, 2021) (approving $500 hourly rate for attorney with more than 20 years experience); see also DIRECTV, LLC v. Wright, 2020 WL 289156, at *2 (W.D.N.Y. Jan. 21, 2020) (approving rates of $385-$490 for attorneys with 15-32 years of experience, collecting cases). The $500.00 hourly rate is justified in light of the difficultly prosecuting lawsuits of this nature, including the substantial amount of time now necessary to bring an action to trial and the risk civil rights attorneys face when undertaking an action against a government entity with its substantial resources brought to bear. Furthermore, the defendants in these matters, as evidenced here, routinely refuse to seek reasonable compromise outside of trial and appeal.

The invoice also reflects work performed by associate Robert Strum, Esq and former

associate, Daniel Flynn, Esq.[1] We are requesting that the Court set the hourly rate for Mr. Strum and Mr. Flynn to $250.00. See Grand River Enterprises Six Nations, Ltd., 2021 WL 4958653, at *4 (approving $200 hourly rate for attorney with one year of experience). Mr. Strum has participated in several trials and motions in both Federal and State court, as well as argued appeals before the Appellate Division. He was admitted to practice in New York State courts in April 2021, as well as the Western District of New York, the Northern District of New York, and the Second Circuit Court of Appeals. Additionally, Mr. Strum completed an internship with Judge McAvoy in the Northern District of New York in 2018-2019. With respect to Mr. Flynn, he had approximately four years of experience litigating civil rights cases at the time he argued the appeal in this case before the Second Circuit.

    The invoice also reflects work performed by paralegal Anthony Fernicola. Mr. Fernicola has more than twenty years of experience in civil rights cases and an hourly rate of $150.00 is reasonable for the work he performed. See Capax Discovery, Inc., 2023 WL 140528, at *7 (approving $140 "blended" paralegal hourly rate); Granite Music Corp. v. Center Street Smoke House, Inc., 786 F. Supp.2d 716, 738-39 (W.D.N.Y. 2011) (approving $120 hourly rate for paralegals with over 20 years of experience).

    The invoice omits billing entries for administrative support staff in connection with the work cited herein and additionally omitted time expended in connection with motion practice for Defendants not brought to trial.

---

[1] Due to software limitations, entries for Attorney Flynn appear on the invoice as "Rob Strum."

Concerning Plaintiff's attorney's invoice, the Supreme Court has found that counsel is not required to record each moment's work in detail, but should identify the general subject matter of the time expended, which has been done by Plaintiff's attorney here. See Hensley v. Eckerhart, 461 U.S. 424, 437 (1983). Trial courts have broad discretion to determine the reasonableness of hours claimed based on their general experience and "familiarity with the case." Gierlinger v. Gleason, 160 F.3d 858, 876 (2d Cir. 1998); see also Clarke v. Frank, 960 F.2d 1146, 1153 (2d Cir. 1992).

Courts, in assessing a fee request, are not required to become "enmeshed in a meticulous analysis of every detailed facet of the professional representation," Seigal v. Merrick, 619 F.2d 160, 165, n. 8 (2d Cir. 1980) (citations omitted), nor are courts required to "set forth, item-by-item findings concerning what may be countless objections to individual billing items." Lunday v. City of Albany, 42 F.3d 131, 134 (2d Cir. 1994). Indeed, "it is less important that judges attain exactitude, than that they use their experience with the case, as well as their experience with the practice of law, to assess the reasonableness of the hours spent." Amato v. City of Saratoga Springs, 991 F. Supp. 62, 66 (N.D.N.Y. 1998) (citing Clarke v. Frank, 960 F.2d 1146, 1153 (2d Cir. 1992)). The hours spent in this matter are reasonable.

Likewise, it is well-settled that courts are not to reduce attorney's fee rates for work done when the attorney had less experience and/or charged a lower fee. Grievson v. Rochester Psychiatric Center, 746 F.Supp 2d 454, 463 (W.D.N.Y. 2010); see LeBlanc-Sternberg v. Fletcher, 143 F.3d 748, 764 (2d Cir. 1998) ("current rates, rather than historical rates, should be applied in order to compensate for the delay in payment").

The Second Circuit discourages courts from conducting an item-by-item analysis of an

attorney's invoice.  See Haley v. Pataki, 106 F.3d 478, 484 (2d Cir. 1997); Lunday, 42 F.3d at 134; Savino v. Computer Credit, Inc., 71 F. Supp. 2d 173, 175-76 (E.D.N.Y. 1999).  The hours expended on this case are reasonable in light of the work that was required to be performed to achieve the successful outcome for Plaintiffs, including resisting the multiple efforts to dismiss this case prior to, during, and after trial.

Additionally, the Court should grant an enhancement of the attorney's fees. Fundamentally, an upward adjustment is warranted to insure attorneys who are willing to invest their time, energy and money, and to forego immediately paying work, are compensated in a meaningful way so as not to discourage this most honorable undertaking.  The litigation of civil rights cases is labor intensive and frequently met with wealthy, combative, obstructive and/or evasive defense opposition and tactics.  An upward adjustment is necessary to recognize civil rights gains.  An upward adjustment will help guarantee that civil rights attorneys as "private attorneys general," continue to be available to litigate these cases and insure the law is enforced.

## **CONCLUSION**

In sum, the court should set Plaintiff's attorneys' fees and expenses as sought in her instant application.

Dated: April 29, 2024                              s/A.J. Bosman

A.J. Bosman, Esq.
Bosman Law, L.L.C.
*Attorneys for Plaintiffs*
Office and Post Office Address
3000 McConnellsville Road
Blossvale, New York 13308
Telephone: (315) 820-4417