UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

KERI SPRING, individually and as duly
appointed administrator of THE ESTATE
OF GREGORY SPRING,

              Plaintiffs,

    v.

ALLEGANY-LIMESTONE CENTRAL
SCHOOL DISTRICT, THE BOARD OF
EDUCATION OF THE ALLEGANY-
LIMESTONE CENTRAL SCHOOL
DISTRICT, and KEVIN STRAUB,

              Defendants.

_____

14-CV-476 (JLS)

## DECISION AND ORDER

Before the Court is Plaintiffs' motion for appellate fees and expenses.  Dkt.
330.  For the reasons that follow, Plaintiffs' motion is GRANTED in part and
DENIED in part, such that Plaintiffs may recover **$75,261.85** in fees and costs.

## BACKGROUND

Plaintiffs commenced this action on June 17, 2014, asserting twelve causes of
action against Allegany-Limestone Central School District (and others) relating to
alleged discriminatory treatment of Gregory Spring, a former student in the
Allegany-Limestone Central School District.  *See* Dkt. 1.

Following dispositive motions, the only remaining claims were Plaintiffs'
claims under the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* ("ADA")

and the Rehabilitation Act of 1973, 29 U.S.C. § 701 ("RA"), as asserted against Defendants Allegany-Limestone Central School District, The Board of Education of the Allegany-Limestone Central School District, and Kevin Straub. *See* Dkt. 195; Dkt 200. These claims were based solely on (1) the alleged discriminatory removal of Gregory Spring from the school's baseball team; and (2) Defendants' alleged deliberate indifference to disability-based harassment of Gregory Spring during the period from June 17, 2011, to June 17, 2013. *See id.*

A jury trial commenced on October 2, 2023. *See* Dkt. 259. On October 16, 2023, the jury returned a verdict in favor of Plaintiffs on their claim that the removal of Gregory Spring from the school's baseball team was unlawfully discriminatory—and awarded $25,000 in damages. *See* Dkt. 283. The jury found for Defendants on the balance of the claims. *See id.* The Court entered a Judgment on October 17, 2023. Dkt. 287.

On November 14, 2023, Defendants moved for judgment as a matter of law, or, in the alternative, a new trial. Dkt. 295. Plaintiffs opposed the motion, Dkt. 304, and Defendants replied. Dkt. 305. On February 1, 2024, this Court denied Defendants' motion in its entirety. Dkt. 306.

On April 29, 2024, Plaintiffs moved for attorneys' fees and costs pursuant 42 U.S.C. § 12205 and Fed. R. Civ. P. 54(d). Dkt. 320. On June 10, 2024, this Court granted in part and denied in part Plaintiffs' motion, such that Plaintiffs could recover $90,337.79. Dkt. 322.

Both sides filed appeals.  *See* Dkt. 296, 315 (Defendants); Dkt. 324 (Plaintiffs).[1]  On May 1, 2025, the Second Circuit issued a mandate stating that it "AFFIRM[S] the judgment of the district court regarding judgment as a matter of law and a new trial but VACATE(S) the judgment regarding fees and REMAND[S] the case for proceedings consistent with this decision."  *See* Dkt. 327 at 7.[2]

On May 16, 2025, this Court issued an Amended Decision and Order granting in part and denying in part Plaintiffs' [320] motion for attorneys' fees and costs, such that Plaintiffs could recover $271,013.36.  Dkt. 332.

On May 14, 2025, Plaintiffs filed the instant motion for appellate fees and costs.  Dkt. 330.  They seek "$76,577.45 in attorneys' fees and costs for defending the verdict against the School District as well as for prosecuting their appeal on the attorneys' fees."  Dkt. 330-12 at 3.  Defendants opposed the motion, Dkt. 335, and Plaintiffs replied.  Dkt. 338.[3]

## DISCUSSION

## I.    LEGAL STANDARDS

Under the "ADA and the Rehabilitation Act, a district court may, in its discretion, award reasonable attorney's fees and costs to a prevailing party."  *West v. DOCCS*, No. 05-CV-447-FPG, 2018 WL 2901330, at *1 (W.D.N.Y. June 12, 2018)

---

[1] The Second Circuit case numbers are 23-7821 and 24-1926.

[2] Page numbers refer to the CM/ECF numbering in the header of each page.

[3] Plaintiffs also filed a supplemental submission.  Dkt. 340.

(internal citation omitted). *See* 42 U.S.C. § 12205 (ADA); 29 U.S.C. § 794-a(b) (RA).[4]

A "prevailing party is one who has favorably effected a material alteration of the legal relationship of the parties' by court order." *Garcia v. Hebert*, 622 F. App'x 21, 22 (2d Cir. 2015) (citation omitted).[5]

The Second Circuit instructs "district courts to calculate a 'presumptively reasonable fee' by determining the appropriate billable hours expended and 'setting a reasonable hourly rate, taking account of all case-specific variables.'" *Lilly v. City of New York*, 934 F.3d 222, 229–30 (2d Cir. 2019) (quoting *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany & Albany Cnty. Bd. of Elections*, 522 F.3d 182, 189-90 (2d Cir. 2008) ("*Arbor Hill*")).[6] And the Second Circuit has "consistently applied this method of determining a reasonable hourly rate by considering all pertinent factors, including the *Johnson* factors,[7] and then

---

[4] In "cases under federal statutes authorizing the court to award 'a reasonable attorney's fee' to a prevailing private party, *e.g.*, actions under the ADA, 42 U.S.C. § 12205; . . . the Rehabilitation Act of 1973, 29 U.S.C. § 794a(b); . . . [and] the Civil Rights Attorney's Fees Awards Act of 1976, 42 U.S.C. § 1988(b), etc., 'the governing principles and procedures are essentially the same.'" *Mary Jo C. v. Dinapoli*, No. 09-CV-5635 SJF ARL, 2014 WL 7334863, at *3 (E.D.N.Y. Dec. 18, 2014) (quoting *Bliven v. Hunt*, 579 F.3d 204, 213 (2d Cir. 2009)).

[5] Defendants do not dispute that Plaintiffs are prevailing parties.

[6] The Second Circuit uses "the term 'presumptively reasonable fee' instead of the traditional term 'lodestar.'" *Id.* at 230 n.33. For "all intents and purposes, the two terms mean the same thing." *Id.*

[7] The *Johnson* factors are:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorney's customary hourly rate; (6)

4

multiplying that rate by the number of hours reasonably expended to determine the presumptively reasonable fee." *Id.* at 230.

It is "only after this initial calculation of the presumptively reasonable fee is performed that a district court may, in extraordinary circumstances, adjust the presumptively reasonable fee when it 'does not adequately take into account a factor that may properly be considered in determining a reasonable fee.'" *Id.* (quoting *Millea v. Metro-N. R. Co.*, 658 F.3d 154, 167 (2d Cir. 2011)).

## II.    ANALYSIS

Plaintiffs request $76,577.45 in attorneys' fees and costs "for defending the verdict against the School District as well as for prosecuting their appeal on the attorneys' fees." *See* Dkt. 330-12 at 3.  Their request is based on work performed by (1) A.J. Bosman (Senior Attorney, Bosman Law, LLC) at an hourly rate of $500; (2) Robert Strum (Associate, Bosman Law, LLC) at an hourly rate of $250; (3) Anthony Fernicola (Paralegal, Bosman Law, LLC) at an hourly rate of $150; and (4) Stephen Bergstein (partner, Bergstein & Ullrich) at an hourly rate of $500.  *See id.* at 5-7.

---

whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Arbor Hill*, 522 F.3d at 187 n.3 (citing *Johnson v. Georgia Highway Exp., Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974), abrogated on other grounds by *Blanchard v. Bergeron*, 489 U.S. 87 (1989)).

Defendants argue that the requested amount "should be reduced by at least 40%". *See* Dkt. 335 at 6.

## A. Hourly Rates

Plaintiffs request the same hourly rates for Bosman, Strum, and Fernicola as they did in their prior fee motion—namely, $500, $250, and $150, respectively. *See* Dkt. 320-3. As the Court noted previously, "the requested hourly rates are not facially excessive for recent years." *See* Dkt. 332 at 5 (addressing Plaintiffs' [320] motion for fees and costs). And the $500 hourly rate that Plaintiffs request for their appellate counsel (Bergstein) is also reasonable, particularly in light of his "experience, reputation, and ability" relating to appellate practice and civil rights litigation. *Arbor Hill*, 522 F.3d at 187 n.3. *See* Dkt. 330-6 at 2-4 (detailing Bergstein's credentials).

The Court has also considered Plaintiffs' success on appeal. The Second Circuit ruled in Plaintiffs' favor in terms of both liability and attorneys' fees. *See* Dkt. 327. Indeed, "most critical factor in a district court's determination of what constitutes reasonable attorney's fees in a given case is the degree of success obtained by the plaintiff." *Barfield v. New York City Health & Hosps. Corp.*, 537 F.3d 132, 152 (2d Cir. 2008) (quoting *Farrar v. Hobby*, 506 U.S. 103, 114 (1992)) (internal quotation marks omitted). And where "a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee." *Holick v. Cellular Sales of New York, LLC*, 48 F.4th 101, 106 (2d Cir. 2022) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 435 (1983)) (internal quotation marks omitted).

6

In sum, the requested rates—in this Court's judgment—are reasonable in light of all the "case specific variables." *Lilly*, 934 F.3d at 230.

## B. Hours Expended

The hours that Plaintiffs' attorneys expended on this matter are also reasonable. When "determining the reasonable number of hours, a court must make 'a conscientious and detailed inquiry into the validity of the representations that a certain number of hours were usefully and reasonably expended.'" *D.P. v. New York City Dep't of Educ.*, No. 21 CIV. 27 (KPF), 2022 WL 103536, at *5 (S.D.N.Y. Jan. 10, 2022), aff'd sub nom. *H.C. v. New York City Dep't of Educ.*, 71 F.4th 120 (2d Cir. 2023) (quoting *Haley v. Pataki*, 106 F.3d 478, 484 (2d Cir. 1997)).

The Court should "examine the hours expended by counsel with a view to the value of the work product to the client's case." *Id.* (citing *Lunday v. City of Albany*, 42 F.3d 131, 133-34 (2d Cir. 1994)). And the Court should "exclude 'excessive, redundant[,] or otherwise unnecessary hours, as well as hours dedicated to severable unsuccessful claims.'" *Id.* (quoting *Quaratino v. Tiffany & Co.*, 166 F.3d 422, 425 (2d Cir. 1999)). The "relevant issue" is "not whether hindsight vindicates an attorney's time expenditures, but whether, at the time the work was performed, a reasonable attorney would have engaged in similar time expenditures." *Grant v. Martinez*, 973 F.2d 96, 99 (2d Cir. 1992).[8]

---

[8] Additionally, "a reasonable fee should be awarded for time reasonably spent in preparing and defending an application for § 1988 fees." *Weyant v. Okst*, 198 F.3d 311, 316 (2d Cir. 1999).

Here, Plaintiffs' counsel expended a reasonable number of hours on this matter. As Plaintiffs explain, their

> records show which attorney handled particular tasks, including legal research, brief-writing, and editing. At the appellate level, the work in defending the liability verdict was largely completed by Stephen Bergstein, who wrote the brief, and Bosman, who edited the brief and argued the appeal. The Bosman firm handled the attorneys' fees appeal. The time sheets demonstrate that Bosman's associate attorney and paralegal handled tasks, as needed. The time sheets show minimal duplication of the work expended on appeal.

Dkt. 330-12 at 8. Their contemporaneous billing records confirm that. *See generally* Dkt. 330-2; 330-8. In this Court's judgment, reasonable attorneys in private practice would have engaged in similar time expenditures. *See Grant*, 973 F.2d at 99. And the same is true of other activities reflected in the time entries—such as analyzing Defendants' appellate briefs, reviewing correspondence from the Second Circuit, and communicating with clients.

Defendants argue that "the invoices submitted by both law offices are incredibly vague, and counsel seeks to recover for excessive time spent on certain tasks and time spent by multiple attorneys' doing duplicative work." Dkt. 335 at 11. As to Bergstein, Defendants argue that the amount of time expended on "a relatively straightforward appeal" is "certainly excessive." *Id.* They also claim that his "timesheets consist solely of impermissibly vague entries." *Id.* at 12. As to Bosman Law, LLC, Defendants argue that the "main issue with these timesheets is the consistently redundant and duplicative billing that occurred given the use of two attorneys and a paralegal." *Id.* They further argue that "the timesheets submitted from Bosman Law, much like those from Mr. Bergstein, contain

8

numerous impermissibly vague entries, as well as excessive billing for simple administrative tasks." *Id.* at 14.

The Court disagrees. Considering the breath of the issues on appeal, the time that Plaintiffs' counsel spent in this phase of the case was not excessive. Plaintiffs successfully litigated both the substantive aspects of the case, as well as issues relating to attorneys' fees and costs. Moreover, with respect to defending the verdict, the work Plaintiffs' counsel performed was necessitated by *Defendants'* choice to file an appeal. The time records also indicate that the work was not overly redundant. Rather, it was appropriately divided among three attorneys and one paralegal. And the time entries are sufficiently clear and detailed to permit the Court to assess meaningfully the value of the work product. In sum, upon "a conscientious and detailed inquiry" into Plaintiffs' billing records, the Court is satisfied that the hours worked were "were usefully and reasonably expended." *See* *D.P.*, 2022 WL 103536, at *5.

Based on the rates discussed above and the hours reflected in the invoices, *see* Dkt. 330-2; 330-8, the presumptively reasonable fee in this case is $73,946.25— which reflects $32,596.25 from Bosman Law, LLC, and $41,350 for Bergstein. *See* Dkt. 330-2 at 11; 330-8 at 2.

## C. Costs

Lastly, Plaintiffs seek reimbursement of $1,315.60 for "costs include[ing] photocopying, binding, and travel." *See* Dkt. 330-12 at 12. Because these are

9

"expenses" that "are usually billed in addition to the attorney's hourly rate," *Arbor Hill*, 369 F.3d at 98, Plaintiffs may recover them too.[9]

## CONCLUSION

For the foregoing reasons, it is hereby ORDERED that Plaintiffs' [330] motion is GRANTED to the extent that attorneys' fees and expenses in the amount of **$75,261.85** are imposed against Defendants Allegany-Limestone Central School District, The Board of Education of the Allegany-Limestone Central School District, and Kevin Straub.

SO ORDERED.

Dated:      October 29, 2025
            Buffalo, New York

_____
JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE

---

[9] The Court notes that the total amount Plaintiffs request, namely, $76,577,45, appears to double-count the $1,315.60 in expenses. Broken down, the requested amount appears to reflect $33,911.85 in fees from Bosman Law, LLC, *see* Dkt. 330-2 at 11, plus $41,350 from Bergstein and Ullrich, LLP, *see* Dkt. 330-8 at 2, plus $1,315.60 in expenses. Because the $33,911.85 from Bosman LLC *includes* the $1,315.60 in expenses, *see* Dkt. 330-2 at 11, the Court will not count that figure again.

10